VIRGINIA L. SWANN, *et al.,* v. L. MAXCY, INCORPORATED.

162 So. 696.
Opinion Filed May 21, 1935.
Petition for Rehearing Denied June 15, 1935.

284

*W. F. Himes* and *John R. Himes,* for Appellants;

*W. W. Whitehurst* and *Mabry, Reaves, Carlton & White* for Appellee.

BUFORD, J.—In this case the appeal is from a final decree in foreclosure proceedings and from order confirming a sale.

The bill of complaint was to foreclose two mortgages on separate parcels of property. That is to say, one mortgage covered one piece of property and another mortgage covered that piece of property and an additional piece of property.

The complainant was the assignee of the first mortgage and was the mortgagee of the second mortgage.

The final decree adjudicated that there was due on the first mortgage which pledged for security Section 7, Two, 34 S., Range 27E, the sum of $5,537.00 principal and interest. It adjudicated that there was due on the second mortgage which pledged for security the property embraced in the first mortgage, together with other property, the sum of $2,706.63 as of the date of the decree, June 20, 1934.

In these adjudications there was no error in the decree. But the decree further provided:

"It Is Therefore Now Considered and Adjudged by the Court that the defendants herein, Virginia L. Swann, Helen Ray Skipper and Murray Swann, and any and all other defendants in this cause legally required to pay the sums of money due, to pay to the complainant herein the said aggregate sum of $8,243.93 within three days next after the entry of this decree, together with the further sum of $850.00 solicitor's fee, which the Court finds to be a reasonable fee to be allowed complainant's solicitor, together with the costs of this suit, and in default thereof, It Is Ordered, Adjudged and Decreed that the mortgaged premises set forth and described in the said mortgages, to-wit: All of Section 7, Township 34 South, Range 27 East, and the Southeast quarter of Northeast quarter and Northeast quarter of Southeast quarter, and the Northeast quarter of Northeast quarter, except a strip 345 feet wide across the West side thereof in Section 12, Township 34 South,

Range 26 East, Hardee County, Florida, shall be sold after notice to be given for a period of not less than ten days, notice being published in a newspaper published in Hardee County, Florida, of general circulation, for at least two successive issues thereof preceding the sale day, which sale shall be had upon a Rule Day of the Court and during the legal hours of sale." * * *

The mortgaged premises were sold *en masse* and the sale confirmed.

The appellants contend, and properly so, that the Chancellor was without power to require the payment of the sums found to be due as the aggregate on both mortgages to discharge the lien as to either one or the other of the mortgages. The decree should have been that the lands embraced in the first mortgage, of which the complainant was assignee, be sold to satisfy that mortgage and if there was a surplus over and above the amount necessary to satisfy that mortgage the surplus should be applied on the payment of the second mortgage and then that the other lands embraced in the second mortgage be sold to satisfy the balance due on that mortgage and it was error to in effect impress the lien of the first mortgage on the lands not described in that mortgage.

Appellants also contend that the Court committed error in entering decree for attorney's fees. Under the pleadings and stipulations filed by the defendant we think it was entirely proper for the Chancellor to adjudicate the amount of attorney's fees due, but those fees, as well as other costs, should have been apportioned so that the expense thereof would fall on the property embraced in each mortgage in the proportion that the amount found to be due under each mortgage bore to that found to be due under the other mortgage.

And so it is that the decree of foreclosure should be modified in accordance with the views hereinbefore expressed.

It follows that inasmuch as the decree of foreclosure required of the defendants payments for redemption which were beyond the power of the Court to require, the order of the sale of the property was erroneous and deprived the defendants of the right to redeem from the lien of one mortgage without redeeming from the lien of the other mortgage.

Therefore, the confirmation of the sale pursuant to such order should be reversed.

It is ordered that the decree of foreclosure be modified in accordance with the views herein expressed and that when so modified it stand affirmed; that the order confirming sale be reversed. The modified decree should be so framed as to give the defendants opportunity to redeem either or both parcels of property from the respective liens created by the respective mortgages before sale is made to satisfy such liens.

It is further contended that the decree of foreclosure was erroneous because the decree was entered while persons who were named as parties in the bill of complaint had not been served with process, had not appeared and still remained in the bill of complaint as parties defendant. These appellants are not in position to maintain this contention because they filed in the Court a stipulation "that a decree may be entered as prayed for in complainant's bill." And therefore, insofar as the decree was in accordance with the prayers of the bill of complaint, it was binding on these appellants. Aside from this, it does not appear that the defendants who were not served have any interest in the cause or are attempted to be bound in any way by the decree.

Decree of foreclosure ordered modified.

Order of sale and confirmation of sale reversed.

So ordered.

WHITFIELD, C. J., and ELLIS, BROWN and DAVIS, J. J., concur.

TERRELL, J., agrees to the conclusion.

### ON PETITION FOR REHEARING.

PER CURIAM.—Petition for rehearing has been presented to this Court urging that the final decree should be reversed for that the appellee has been in possession of, and received the profits from, the products of the property since the sale, confirmation of which was by the judgment of this Court entered on May 21, 1935, reversed. This on the theory that mortgagor is entitled to recover a sum equal to the profits received by the mortgagee purchaser. It is not needful to reverse the final decree of foreclosure, but we grant leave to the Chancellor to determine the amount of the net profits received by the mortgagee purchaser from the proceeds of the property involved since the sale and possession referred to and to credit same on the final decree before ordering sale of the property to enforce the payment of the balance due under the decree.

It is so ordered.

Rehearing denied.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.