KANNER, Chief Judge.
This is an ordinary foreclosure suit to foreclose four chattel mortgages on certain trucks and one real property mortgage which were given by appellants to the Bank of Mulberry and thereafter assigned by it to the appellee. Three of the chattel mortgages are dated November 24, 1954, and were given to secure the payment of a promissory note of the same date in the principal sum of $1,541.70; the other chattel mortgage and the real property mortgage were dated January 20, 1955, and were given to secure payment of a promissory note of the same date in the principal sum of $2,183.30. The chancellor personally saw and heard the witnesses and resolved the cause in favor of the appellee and entered a final decree of foreclosure. This appeal was then taken.
Appellants question whether the chancellor by the decree required the appellants to pay the total amount decreed to redeem any of the properties involved. The chancellor did by later order modify the final decree by providing that the appellants are not required to pay the entire indebtedness in order to redeem any of the properties involved but that redemption of properties encumbered by the mortgages securing one promissory note is authorized without the payment of both of the promissory notes involved; and he also provided that the court costs should be apportioned. He did not provide in the event of redemption that attorneys’ fee should be apportioned; and this he should have done. He provided in effect that all of the mortgaged properties be sold to satisfy the entire indebtedness of the decree; and this he should not have done.
The obligation represented by the first promissory note and the obligation represented by the second promissory note each constitutes a separate transaction and obligation. The properties securing the first note and the properties securing the second note are different properties. Hence, no proceeds derived from sale of any of the properties securing the first promissory note can be applied toward the payment of the indebtedness represented by the second *900 promissory note, nor can any of the proceeds derived from the sale of any of the properties securing the second promissory note be applied toward the satisfaction of the indebtedness represented by the first promissory note. See Liles v. Savage, 1935, 121 Fla. 83, 163 So. 399; Swann v. L. Maxcy, Inc., 1935, 120 Fla. 283, 162 So. 696, and 37 Am.Jur., Mortgages, section 619, pp. 90-91.
In order to avoid any misunderstanding, in the event there is not any redemption but that a sale is held, the properties should be sold in the following manner: (1) The properties embraced in the first chattel mortgages securing the earlier promissory note should be ordered sold by the chancellor separately or as much thereof as is necessary to satisfy the decree as it concerns the indebtedness represented by the first promissory note; and in the event there is a surplus over the amount necessary to satisfy the mortgages represented by the first promissory note, such surplus should be paid into the registry of the court subject to the court’s order for proper disbursement. (2) The properties embraced in the later mortgages and securing the second promissory note should be ordered sold and administered in the same manner as outlined under number one hereof. (3) Attorneys’ fee and court costs should be apportioned.
Appellants have questioned the reasonableness of the amount of $1,000 attorneys’ fee allowed. There is merit in this position, and the chancellor is directed to reduce the fee to the sum of $650.
The court has carefully considered the record in the cause, the briefs, and the argument of counsel made before this court, and finds that the final decree of the chancellor should be amended to conform to the directions and views herein expressed.
Affirmed as modified.
ALLEN and SHANNON, JJ., concur.