E. A. LILES, *et ux.*, v. F. R. SAVAGE.

163 So. 399.
Opinion Filed September 25, 1935.

*Frank R. Greene,* for Appellants;
*Gaines & Futch,* for Appellee.

TERRELL, J.—This appeal is from a decree foreclosing two mortgages. The first mortgage which was past due described a certain parcel of land, and the second mortgage, not maturing until January 1, 1936, described the same lands covered by the first mortgage with additional lands. ' The bill was filed September 18, 1934. Both mortgages contained acceleration clauses and were attached to and by appropriate words made part of the bill of complaint. The foreclosure decree found the sum of $9418.26 due on the first mortgage and the sum of $11,662.00 due on the second mortgage.

The sole question presented is whether or not a bill to foreclose under such circumstances must allege an election by the plaintiff to declare the unmatured mortgage principal due, by reason of default in payment of interest and taxes, or does the mere filing of the bill constitute such an election.

The rule is general and is approved in this State that the institution of a suit to foreclose amounts to the exercise of the option of the mortgagor to declare the whole of the principal sum and interest secured by the mortgage due and

payable. Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751; Rehearing on Treb Trading Co. v. Green, 102 Fla. 238, 135 So. 512.

Notwithstanding the rule as thus approved it is required that the allegations of the bill be sufficient to put the defendant, mortgagor, on notice that the mortgagee, plaintiff, is exercising his right of acceleration. The real question here is whether or not the allegations of the bill are sufficient to do this.

The object of alleging or showing an election to declare the unmatured mortgage due is to put the mortgagor on notice that the mortgagee intends by the foreclosure to recover principal, interest, and all other amounts due and recoverable under the mortgage. No specific formula is required to do this. If the terms of the bill are sufficient for this purpose it meets the requirements of the rule.

The bill of complaint in this case had attached to and made a part of it both the matured and the unmatured mortgage. It quoted from the unmatured mortgage the acceleration clause and followed this quotation with allegations that the principal, interest, and taxes were unpaid although long since due and that plaintiff had employed an attorney to bring this foreclosure suit and to collect the sums mentioned in the said promissory notes and the mortgage deeds being foreclosed, and had obligated to pay said attorney a sum equal to ten per cent. of the face of each of said notes for his services.

Our opinion is that such allegations were sufficient under the facts of this case to neutralize the assault on the bill and the answer shows conclusively that appellant understood that appellee purposed by the filing of the bill to exercise his option under the acceleration clause. The error complained of is, therefore, without merit.

We have not overlooked, in this disposition, a motion to vacate the supersedeas granted herein and a motion to quash the appeal filed by appellee under the statute. The cause was fully matured about the time these motions were filed so we have elected to dispose of it on the merits.

On September 21, 1935, appellants offered in this Court petition to be permitted to file additional assignment of error, predicated on the decision in Virginia L. Swann, *et al.,* v. L. Maxcy, Inc., filed May 21, 1935, not yet reported. Said assignment is considered as filed.

In the last cited case we held that in a foreclosure suit embracing two mortgages with facts similar to those existing in this case the final decree should separate the amounts due on each mortgage and apportion counsel fees between them and decree that the parcel covered by the first mortgage, be sold first to satisfy that mortgage, any surplus to be applied on the second mortgage in order that the right of defendants to redeem from the lien of one mortgage without redeeming from the lien of the other should be preserved.

The decree of foreclosure in this case does not in all respects conform to the opinion in Swann, *et al.,* v. Maxcy, Inc., *supra,* which is the law of this State with reference to foreclosures of this class. The proceeding below has not proceeded beyond the foreclosure decree.

On this point the judgment is reversed with directions to the chancellor to amend his decree of foreclosure to conform to the law as enunciated in Swann, *et al.,* v. L. Maxcy, Inc., *supra,* and proceed to final disposition of the cause.

Affirmed in part, reversed in part.

WHITFIELD, C. J., and BROWN, BUFORD, and DAVIS, J. J., concur.