DREW, Justice.
At the conclusion of the trial of this case before the chancellor, both parties agreed and the court concurred in the view that the question of whether or not an enforceable oral agreement to make a lease on store no. 6 had been made was a question of fact to be decided by the court. The chancellor reached the conclusion that there was no such agreement and we find ample, competent evidence in the record which supports that conclusion. Under such circumstances, there is no basis upon which we may disturb the finding. In this connection also, we do not agree with the contention of the appellant that the chancellor misconstrued the legal effect of the evidence.
We must, however, disapprove that portion of the decree appealed from wherein the court said;
“However, in the event plaintiff fails to comply with the terms of this decree directing the removing from and the restoring of the possession of store No. 6 to the defendant, and restoring the premises to their original condition, as herein directed, within the time herein set forth, then and in that *867 event, said lease dated December 29, 1955, between the plaintiff and the defendant to stores No. 1 to 5 inclusive shall stand forfeited and cancelled by reason of said plaintiff’s breach thereof, by appropriate order of this Court, after due notice to’ the attorneys of record for all parties.”
Under the facts developed in the case, this provision of the decree is not warranted and is stricken. See Hyman v. Cohen, Fla. 1954, 73 So.2d 393.
In all respects, however, except as above noted, the decree appealed from is affirmed.
Affirmed in part and reversed in part.
TERRELL, C. J„ and THOMAS, ROBERTS and O’CONNELL, JJ., concur.