122 So.2d 28 (1960)
Jack LIEBERBAUM et al., Appellants,
v.
SURFCOMBER HOTEL CORP., a Florida Corporation, et al., Appellees.
No. 59-294.
District Court of Appeal of Florida. Third District.
July 18, 1960.
Rehearing Denied July 29, 1960.
Ely R. Katz, Miami Beach, for appellants.
Sibley, Grusmark, Barkdull & King, Miami Beach, for appellees.
PEARSON, Judge.
The appellant sought to foreclose two mortgages. The defendants answered and claimed that the plaintiffs were barred from relief by their inequitable conduct. The chancellor after trial found that it would not be equitable to permit plaintiff to accelerate the maturity of the notes without first giving the defendants an opportunity, as if no default had occurred, to pay the amount which they were in duty bound to pay under the contract. He dismissed the complaint after providing for the payment of the defaulted installments which had been paid into the registry of the court, and we affirm.
There can be no doubt of the right of a chancellor to deny foreclosure based upon an acceleration where there are substantial equities in the case which render *29 the acceleration unconscionable. See Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751; River Holding Co. v. Nickel, Fla. 1952, 62 So.2d 702; 2 Pomeroy's, Equity Jurisprudence, § 439 (5th ed. 1941); 22 Col.L.Rev. 266 (1922).
The controlling question is then, whether the facts in this case support the chancellor's application of the principle expressed. Findings of fact were included in the final decree and reference to the record reveals that these findings are based upon sufficient competent evidence. They are therefore binding upon an appellate court. Treasure, Inc. v. White Star Realty Co., Fla. 1958, 101 So.2d 866. These findings are as follows:
"On January 25, 1959, payment of principal and interest was due on each mortgage. A grace period provided by the terms of the instruments extended the time for payment until February 9, 1959. Those payments were not made. On February 11, 1959, suit was instituted by plaintiffs seeking acceleration of the mortgages in conjunction with foreclosure thereof and appointment of a receiver for each hotel. Notification of plaintiffs' action was made by day letter to Edward J. Mirmelli in Chicago, Illinois, Mirmelli being the principal stockholder of the defendant corporation.
"On February 12, 1959, tender of the payments in default in the sum of Eight Thousand Nine Hundred Sixty-two and 50/100 ($8,962.50) Dollars together with One Thousand ($1,000.00) Dollars as attorneys' fees was made, in cash, by defendants' attorneys to plaintiffs' attorneys. The tender was refused. That sum, together with subsequent payments, was deposited by defendants into the Registry of the Court after similar tender and rejection by plaintiffs.
"The testimony reveals, without dispute, that until January 25, 1959 all payments on the mortgages had been made by defendants from Chicago, but that commencing with January 25th installment, payments were to have been made directly from the hotels in Miami Beach. Accordingly, a schedule of payments was given to the bookkeeper at the hotels in Miami Beach, checks were drawn, though unsigned, and deposited with her, with specific instructions for completion and delivery of the checks when they were due. The checks were to be signed by the manager of the hotel properties who had the power of signature. Those checks were neither signed nor delivered, in accordance with the instructions.
"Credible testimony, though contradicted, indicates that Jack Lieberbaum, the only plaintiff who testified before the Court, was present at the hotels' premises on February 11, 1959, and several times during the preceding seven-day period. The testimony further discloses that he was aware of the manager's authority to sign checks, that he knew of the availability of funds, but that he, on no occasion, indicated that he had not received payment, nor did he ask for payment.
"It is clear from this record that Lieberbaum was desirous of regaining possession of the two hotels and that he believed that acceleration would render it impossible for defendants to protect their equity in the hotels, after the severe economic reversal in the hotel industry in Miami Beach the preceding year.
"The traditional role of the Chancellor must be considered in determining the equities in this cause. The plaintiffs seek the aid of a Court of Equity for the purpose of bringing about an unconscionable result. Circumstances may exist where withholding the right to accelerate is appropriate. Were this not so, there could never be occasion for the enforcement of equitable doctrines.

*30 "The evidence is clear that plaintiffs knew, from past experience, that some excusable oversight was the cause for non-payment of the January 25, 1959, installments. Plaintiffs could have secured payment by a single demand and prevented acceleration and possible forfeiture. To grant plaintiffs' relief prayed for herein would be to assist them in securing an inequitable result under the circumstances existing in this case. This, a Court of Equity will not do."
Affirmed.
HORTON, C.J., and CARROLL, CHAS., J., concur.