149 So.2d 582 (1963)
O.H. OVERHOLSER and Nola Overholser, his wife, and David L. Bechtold and Janet Bechtold, his wife, Appellants,
v.
Arthur THEROUX, Appellee.
No. 62-394.
District Court of Appeal of Florida. Third District.
February 12, 1963.
Rehearing Denied February 28, 1963.
Anderson & Nadeau, Miami, for appellants.
Herman I. Bretan, Miami, for appellee.
Before CARROLL, HORTON, and BARKDULL, JJ.
HORTON, Judge.
The appellants seek review of an adverse final decree foreclosing a purchase money mortgage on improved real property in Dade County, Florida.
The dispute between the parties evolved out of the following circumstances. In December, 1953, the appellee sold certain property to Paul and Ruth Marsh, receiving their note and mortgage to evidence and secure a portion of the purchase price. The note was payable in $100 installments due on the first day of each month, commencing with February 1, 1954.
On December 21, 1960, appellant Overholser, the Marshes' successor in title, sent a letter to the appellee enclosing an insurance company draft for $662 made out to the appellee and Overholser jointly in payment *583 of storm damage to the mortgaged property. The mortgage provided that in respect to such payments the appellee should have the option to apply them to the indebtedness or permit the mortgagor to use them for other purposes. Overholser had not endorsed the draft but requested that the appellee endorse and return it immediately so that repairs might be made. Also enclosed was a check for $100 designated by the letter as the mortgage payment for the month of December, 1960. The appellee's son replied to Overholser's letter on December 28, 1960, requesting an itemization of repairs, advising him that the insurance draft would be promptly endorsed and returned, and acknowledging receipt of the monthly mortgage payment. The draft was not returned.
By letter dated January 11, 1961, Overholser mentioned that the $100 check enclosed with his letter of December 21 was for the December payment and reminded the appellee that he had sent a check, dated December 2, 1960, for the November, 1960, payment. There was some discussion as to the correct balance due on the mortgage  Overholser's figures being some $107.32 less than the balance quoted by the appellee. Overholser then stated, "If he [the appellee] remains so far away the check can't be mailed to him for endorsement I will just credit the mortgage with the amount of the check [insurance draft] as of its date and resume payments six or seven months later." The appellee replied, on January 21, 1961, complaining of Overholser's failure to itemize the damages to the building, quoting the balance claimed due on the mortgage, and making demand for full payment thereof. The appellee also stated that since the insurance draft required two endorsements and Overholser had failed to endorse it, it would not be accepted as payment on the mortgage. However, he still did not return the draft.
Admitted into evidence as exhibits were two checks drawn by Overholser, each in the amount of $100, payable to the appellee, dated December 2, 1960, and December 21, 1960, respectively. On the face of the check dated December 2, 1960, is the notation "November 1960 payment." The back of the check dated December 21, 1960, bears the notation, "Dec. pymt." Both checks were endorsed and cashed by the appellee, although the appellee contends that they were not accepted in payment for the months indicated thereon.
On March 17, 1961, the appellee's attorney wrote Overholser informing him that the payment on the mortgage, dated December 21, 1960, had been received and covered the installment due November 1, 1960; that the mortgage had therefore been in default for more than four months; and that the appellee had declared the entire unpaid balance due and payable and demanded payment. Nothing further transpired until the latter part of July, 1961, when Overholser endorsed the insurance draft, which had been returned to him  unsigned  in the interim, and sent it to the appellee's attorney, together with a personal check, ostensibly in payment for the period January through August, 1961. In August, the appellee returned the draft and check  unendorsed, announced his intention to accelerate, and brought this foreclosure action which culminated in the final decree appealed.
Basically the appellant Overholser contends that the appellee's conduct was such that it would be inequitable to allow him to accelerate and foreclose the mortgage. We find this contention has merit.
The judicial forum of this cause was a court of equity which is a forum for the administration of justice. As stated in 22 Fla.Jur., Mortgages, § 214:
"A court of equity has the power of relieving a mortgagor from the effect of an operative acceleration clause in a mortgage where the default of the mortgagor is the result of some unconscionable or inequitable conduct of the mortgagee, or where no harm is done to the security by virtue of the default, and *584 in view of the circumstances the court considers it to be unjust and inequitable to order foreclosure because of a merely unharmful breach of a condition of the mortgage. The court may also relieve a mortgagor from the effect of the acceleration clause where the default is caused by the confusion or mistake of the mortgagor acting in good faith, or where the mortgagor is technically in default because of unusual circumstances."
See also Lieberbaum v. Surfcomber Hotel Corp., Fla.App. 1960, 122 So.2d 28; Groner-Youngerman, Inc. v. Denison, Fla.App. 1959, 117 So.2d 210; River Holding Co. v. Nickel, Fla. 1952, 62 So.2d 702; Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751; 2 Pomeroy's Equity Jurisprudence, § 439 (5 ed. 1941).
Considering the record in the case at bar in the light of the foregoing principles, we find that equity requires that the appellant be relieved of the effect of the acceleration clause. The transactions between the parties with relation to the balance due on the mortgage, which payments were due and which had been paid, and their respective rights to the insurance draft and its disposition, ended in chaos and confusion, largely brought about by the appellee. His failure to exercise his option under the mortgage and either endorse and return the draft or apply it to the mortgage, and his acceptance and subsequent repudiation of the checks dated December 2 and December 21, 1960, as the payments due in November and December, respectively, placed Overholser in the position of not knowing from day to day whether his account was current, past due, or paid in advance. While we do not attribute to the appellee a conscious attempt to accelerate by fraud or artifice, we conclude that in view of his conduct and the circumstances involved, it would be inequitable and unconscionable to allow him to accelerate and foreclose. Our conclusion is further strengthened by the fact that no harm has apparently been done the security by virtue of the default and that the security far exceeds the balance due on the note and mortgage.
Accordingly, the decree appealed is reversed and the cause is remanded with directions to enter a decree requiring appellant Overholser to pay all payments now due, plus interest and costs, within a day certain, otherwise the same to be collected by a sale of the property pursuant to statute or such terms as the court by decree shall direct.
Reversed and remanded with directions.