HENDRY, Judge.
Plaintiff-appellant, as mortgagee, commenced proceedings against defendants-ap-pellees, mortgagors, to foreclose two mortgages, one for $155,000 and the second for $125,000.
The mortgages contained provisions for the entire debt to become due upon the failure to make a single payment. Appel-lees failed to make payment, and appellant exercised its option to accelerate the due date of the note, and instituted suit to foreclose. Appellees admitted their default, and requested the court to exercise its equity jurisdiction, thereby relieving appellees of their default, by tendering payment of the full amount of the arrears.
The trial court permitted this action and reinstated the mortgage and note. Appel *770 lants are before this court claiming error on the part of the chancellor.
The mere statement in an answer to the effect that the security will not be impaired, is not sufficient to justify the chancellor’s relieving the mortgagor from his default[1] There must also be a showing of inequity resulting from the foreclosure.[2] This necessary element is patently missing from the record before us.
Accordingly, the interlocutory order appealed is reversed.
Reversed.

. 22 Fla.Jur., Mortgages § 226.

. Lieberbaum v. Surfcomber Hotel Corp., Fla.App.1960, 122 So.2d 28.