182 So.2d 270 (1966)
Mrs. T.B. ALTHOUSE, Appellant,
v.
John P. KENNEY and Beatrice W. Kenney, husband and wife, Appellees.
No. 5445.
District Court of Appeal of Florida. Second District.
January 28, 1966.
John J. Lyons and Evelyn Gobbie, Sarasota, for appellant.
Early & Early, Sarasota, for appellees.
WILLIS, BEN C., Associate Judge.
The trial court entered a summary final decree of foreclosure of a real estate mortgage and the defendant appeals, contending *271 there are genuine issues of material fact precluding a Summary Decree.
The complaint alleges the execution of a note and mortgage in February, 1961, for $18,125, bearing six and one-half per cent interest per annum, payable in eighty-two monthly installments commencing March 15, 1961 of $128.00 each, applicable first to interest and balance to principal, with an additional payment of $500.00 within six months from date, and with the entire unpaid balance due and payable on the 83rd monthly "anniversary." The note contains an optional acceleration clause if the note becomes in default and remains so for fifteen days. It further alleges that on or about September 17, 1963 the defendant-appellant acquired the mortgaged premises, assumed the mortgage obligations and agreed that the balance of principal then due was $18,025.00. The Complaint further seeks to accelerate the maturity of the installments due for the alleged failure of the defendant to make timely payments within the allowable period of fifteen days of the installments due in March and April of 1964. Of course, it prays for the foreclosure of the mortgage.
The Answer denies the alleged defaults and in addition asserts the affirmative defense of estoppel arising out of an alleged failure of plaintiffs to give defendant an accounting of the payments which had been made on the note up to March 31, 1964 and also arising out of an alleged agreement between the parties that the first installment payment which would accrue after the defendant assumed the obligations of the note and mortgage would be on or about November 15, 1963. The Answer further alleges that the defendant made this payment and has on each due date thereafter made similar payments.
Certain responses to requests for admissions establish the assumption by the defendant of the note and the mortgage and that the sum of $18,025.00 was the unpaid principal agreed to be outstanding at the time of such assumption. An affidavit in support of the Motion for Summary Decree merely repeats the allegations of the Complaint with regard to default and the amounts due. A counter affidavit by defendant claims payment or tender of payment of each installment and the request of March 31, 1964 for an accounting of the payments made. It also sets forth the understanding of defendant that the first mortgage payment to be paid after the assumption of the mortgage was to be on or about November 15, 1963.
It may be inferred from the pleadings, admissions and affidavits on file that the defendant made her payments of $128.00 each beginning November 15, 1963 and thereafter each month through February of 1964; that statements or conduct of plaintiffs led her to conclude that the November 15, 1963 installment of the note would be the first to fall due after she assumed the note and mortgage; that she issued to plaintiff a check for $128.00 in March, 1964, stopped payment on same, but before March 31, 1964 issued another check which would be duly paid if presented in due course; that payment of the April installation was offered but not accepted; that at the end of March, 1964 she requested of plaintiffs an accounting of the status of the debt and was refused.
It may also be inferred from these instruments and documents that the note and mortgage were considerably in arrears when the defendant assumed the obligation to pay them; that the first scheduled payment after the assumption of the note by defendant became due October 15, 1963 and that payments in November and subsequently were a month behind; and that no proper tender or acceptable offer to pay was made for the installments due March and April, 1964 and since.
The appellant contends that there is a material issue as to whether the March and April payments were made or tendered and that there are facts shown from which an estoppel would arise. The appellee makes much of the deficiencies involved in *272 the claim of "tender" of payments. We make no comment on the subject of "tender" but we do consider that an attempt to make a payment by a good bank check may be a circumstance to consider in determining if it would be unconscionable to accelerate the due date of the debt involved, even if such offer to pay by check did not constitute "legal tender."
We are of the view that there are allowable inferences from the facts shown under which it may be concluded that under all of the circumstances involved there is an estoppel to accelerate the maturity of the unmatured installments of the note and mortgage. At the very least an understanding of a debtor substantially induced by representations or conduct of the creditor that installment payments made on certain dates would be deemed seasonably made raises an equitable circumstance which the chancellor should consider in exercising a discretion to allow or deny acceleration of the maturity of the debt.
A court of equity may refuse to foreclose a mortgage when an acceleration of the due date of the debt would be an inequitable or unjust result and the circumstances would render the acceleration unconscionable. Lieberman v. Surfcomber Hotel Corp., Fla.App., 122 So.2d 28; River Holding Co. v. Nickle, Fla. 1953, 62 So.2d 702; Kreiss Potassium Phos. Co. v. Knight, 98 Fla. 1004, 124 So. 751.
It appears that there is a genuine issue as to estoppel and other equitable considerations which a chancellor could properly conclude would render acceleration of the due date of the large debt an inequitable result, and for this reason the entry of the Summary Decree of Foreclosure is error. In so holding we are not ruling that there has necessarily been a presentation by the defendant of facts which, if fully established on final hearing, would entitle her as a matter of law to a dismissal of the suit. We merely hold that there are facts and inferences set forth in the affidavits, etc. which may be regarded by a chancellor as raising equities in behalf of the defendant and that such should not be adjudicated adversely to her in a summary decree. The duty of an equity court in considering a motion for final decree is aptly set forth in Jeffords v. Jeffords, Fla.App. 1962, 148 So.2d 43, 45:
"* * * we think, in an equity suit on a motion for summary final decree the court has no authority to substitute itself for the chancellor who will, after a full hearing on the merits, determine controverted issues of fact. This is so, of course, even if it should appear probable that the judge who is hearing the motion for summary final decree will be the same judge who will determine controverted issues of fact following a full hearing on the merits. There is something more than a mere `changing of judicial caps.' When a judge hears the motion for summary final decree, his function is to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a final decree as a matter of law. When the judge is considering the entry of a final decree after a full hearing on the merits, he, as the trier of the facts, determines controverted factual issues, and draws inferences of fact from the substantial, competent evidence adduced by the parties * * *"
Accordingly, the Summary Decree is reversed and the cause remanded for further proceedings not inconsistent with this Opinion.
Reversed.
SHANNON, Acting C.J., and LILES, J., concur.