237 So.2d 583 (1970)
Edgar E. CLARK and Ada Clark, His Wife, Appellants,
v.
George E. LACHENMEIER and Pearl L. Lachenmeier, His Wife, and Autie M. Lewis and Hattie May Lewis, His Wife, Appellees.
No. 69-619.
District Court of Appeal of Florida, Second District.
July 8, 1970.
Rehearing Denied August 6, 1970.
Edward A. Linney, St. Petersburg, for appellants.
Robert E. Knowles, of Knowles & Blalock, Bradenton, for George E. Lachenmeier and Pearl L. Lachenmeier.
*584 Jack S. Carey, of Carey & Harrison, St. Petersburg, for Autie M. Lewis and Hattie May Lewis.
PIERCE, Judge.
The lower Court entered an order dismissing appellants' mortgage foreclosure complaint without leave to amend, finding that the acceleration clause in the mortgage was inequitable and unjust, and therefore not affording sufficient reason for foreclosure. We affirm.
The complaint alleged, inter alia, that the appellees Lachenmeier executed a promissory note and purchase money mortgage to the appellants Clark; that the property was presently owned by the appellees Lewis who held possession; that the appellees had defaulted under the terms of the mortgage by failing to advise the Clarks of the transfer of ownership of the property, as provided in the mortgage, to-wit:
"It is hereby agreed that in the event of transfer of ownership of the above described property that the Mortgagee has the right and privilege of accepting or rejecting, or passing on credit, etc. of such successor in ownership";
that the transfer of ownership was made without advice to, and without approval of transfer of ownership by, the appellants, and that the same constituted a breach of the mortgage and accelerated the same as otherwise provided in the mortgage.
The Clarks did not allege any other breach of the mortgage contract, but relied solely on the failure of notice to them of the sale of the corpus property. Neither did they allege that the security had been impaired by the default, or that they had disapproved the transfer of ownership of the mortgaged property, or that they had not had opportunity to pass on the credit of the successor in ownership. They purported to declare the full amount due to be then due and payable under the note and mortgage and demanded that if the amount due was not paid within a time set by the Court, that the property be sold and a deficiency judgment entered against the appellees if the proceeds of the sale were insufficient to pay appellants' claim.
The clause in dispute does not by its terms accelerate maturity of the whole debt if the property is sold, as in Merriam v. Leeper, 1921, 192 Iowa 587, 185 N.W. 134, but merely provided that in event of transfer of ownership that the mortgagee has the right and privilege of accepting or rejecting, or passing on credit, etc., of such successor in ownership.
Neither party has cited to us a case from any jurisdiction directly in point, and our independent research fails to reveal any case which involves the interpretation of an acceleration clause similar to the one involved here. The circumstances involved in the case of Planters' Lumber Co. v. Griffin Chapel M.E. Church, 1930, 157 Miss. 714, 128 So. 76, cited and relied on by appellants, are quite unlike those arising here, and are therefore not controlling in the case sub judice.
The Florida decisions recognize the right of a mortgagee to accelerate upon default of conditions directed to the preservation of the security, such as the payment of interest, installments of principal, taxes and insurance "because an investor may very properly insist that his security shall be kept intact or that the loan shall mature." Treb. Trading Co. v. Green, 1931, 102 Fla. 238, 135 So. 510; 22 Fla.Jur., Mortgages, § 212.
A Court of equity may refuse to foreclose a mortgage when an acceleration of the due date would render the acceleration unconscionable and the result would be inequitable and unjust. Althouse v. Kenney, Fla.App. 1966, 182 So.2d 270. The general rule is stated in 22 Fla.Jur., Mortgages, § 214, p. 323:
"A court of equity has the power of relieving a mortgagor from the effect of an operative acceleration clause in a *585 mortgage where the default of the mortgagor is the result of some unconscionable or inequitable conduct of the mortgagee, or where no harm is done to the security by virtue of the default, and in view of the circumstances the court considers it to be unjust and inequitable to order foreclosure because of a merely unharmful breach of a condition of the mortgage."
See Kreiss Potassium Phosphate Co. v. Knight, 1929, 98 Fla. 1004, 124 So. 751; River Holding Co. v. Nickel, Fla. 1952, 62 So.2d 702; Groner-Youngerman, Inc. v. Denison, Fla.App. 1960, 117 So.2d 210; Lieberbaum v. Surfcomber Hotel Corporation, Fla.App. 1960, 122 So.2d 28; Koschorek v. Fischer, Fla.App. 1962, 145 So.2d 755; Overholser v. Theroux, Fla.App. 1963, 149 So.2d 582.
The case of Schechtman v. Grobbel, Fla. App. 1969, 226 So.2d 1, involved a "rider" to a mortgage which obligated the mortgagors to pay "together with and in addition to the regular monthly payment a sum equal to one-twelfth of the current annual taxes" in order to provide an escrow tax fund. The mortgagors paid the escrow monies to a bank instead of to the mortgagees. This Court held that equity will not suffer a foreclosure and forfeiture where the only breach of the mortgage contract was that the escrow tax monies were paid to a bank instead of to mortgagees, the security at no time was in jeopardy, and the principal, interest payments, and escrow tax monies were current. See St. Martin v. McGee, Fla. 1955, 82 So.2d 736; 22 Fla.Jur., Mortgages, § 214, p. 324.
In the case sub judice the Clarks had, and still have, a purchase money mortgage on improved real property. There is nothing in the pleadings which indicates the security was harmed or depleted by the conduct of appellees. A mortgage foreclosure is traditionally an equitable matter, and therefore the judicial forum heard the cause as a Court of equity. We believe the Court was correct in denying foreclosure merely because the mortgage called for the consent of the mortgagee before property can be sold to a third party, where no harm has resulted to mortgagee from such a conveyance.
Affirmed.
HOBSON, C.J., and MANN, J., concur.