CARROLL, Judge.
This appeal is by the plaintiffs in a mortgage foreclosure action, from a summary judgment entered in favor of the defendants. The complaint sought to foreclose a mortgage on real estate given as security for a promissory note payable in installments. At the closing when the mortgage and note were made and delivered it was provided therein that the unpaid balance could be declared due upon failure to make payment of an installment within fifteen days after the first of a month. Later the *228 grace periods in the mortgage and note were changed from fifteen to ten days.
After a number of payments, which in most instances were made more than ten days, but within fifteen days after the first of the month, the mortgagees gave notice in a certain month of acceleration for failure to make the payment in that month within the grace period. A mailed late payment and the written notice crossed in the mail. The mortgage foreclosure action was then filed for the entire amount unpaid on the mortgage and note. The defendants pleaded that the mortgagees were estopped to. accelerate the indebtedness, because of having accepted prior payments made after the expiration of the grace period, and because there was a misunderstanding on the part of the mortgagors as to the length of the grace period, with the result that payments, including the one acted upon, were made within fifteen but after ten days from the first of the month. Both parties moved for summary judgment, and filed affidavits in support of their positions.
The question for determination is whether the trial court ruled in accordance with the applicable law in holding that the mortgagors had established a defense against acceleration of the note and mortgage.
Under the maxim that equity will enjoin the unconscionable exercise of a legal right, it has been held that the right of a mortgagee to exercise an agreement to accelerate the unpaid indebtedness upon a default may be denied by the court “when an acceleration of the due date of the debt would be an inequitable or unjust result and the circumstances would render the acceleration unconscionable.” See Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751; Althouse v. Kenney, Fla.App.1966, 182 So.2d 270, 272.
In Campbell v. Werner, Fla.App.1970, 232 So.2d 252, this court reviewed the Florida decisions in which there were outlined the circumstances that had been found and held to be sufficient for a court of equity to deny acceleration. Included therein were situations where the mortgagee was es-topped because of conduct from which the mortgagor reasonably could assume that the mortgagee, for or upon a certain default, would not elect to declare the full mortgage indebtedness to be due and payable or foreclose therefor. Kreiss Potassium Phosphate Co. v. Knight, supra; Jaudon v. Equitable Life Assur. Soc. of United States, 102 Fla. 782, 136 So. 517; Harrell v. Lombard, Fla.App.1960, 122 So.2d 625; Koschorek v. Fisher, Fla.App.1962, 145 So.2d 755; Overholser v. Theroux, Fla.App.1963, 149 So.2d 582. Also where there was intent by the mortgagor to make timely payment and some effort made to do so, but nevertheless the payment was not made on time due to a misunderstanding or excusable neglect on the part of the mortgagor, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due or within the grace period. Overholser v. Theroux, supra; Lieberbaum v. Surfcomber Hotel Corp., Fla.App.1960, 122 So.2d 28.
The pleadings and evidence before the trial court, on the hearing on motions for summary judgment, in our opinion sufficiently showed without genuine issue facts falling within the rules just announced above upon which the trial court could and properly did deny acceleration in this case.
Affirmed.