MANN, Judge.
On November 17, 1969, Walsh assumed a first mortgage with a balance of about $15,000, payable to Naples Federal Savings and Loan Association, gave the Combs a second mortgage for $100,000 and a few thousand in cash. An addendum to their contract provided that the sellers would continue to make payments on the first mortgage. Walsh says that he understood this to mean that this arrangement would *566 continue after closing and that he should just reimburse Combs. Combs says this covered the months before closing and that Walsh should thereafter have paid $169 monthly to Naples Federal. Anyhow, Walsh didn’t make the payment due December 10. A lady from Naples Federal called Combs, who said he’d get in touch with Walsh. Combs said he left three telephone messages, but Walsh never returned his call. Walsh didn’t pay on January 10, either. On January 12, Combs paid Naples Federal $338, and on January 15 declared the second mortgage accelerated and filed this action to foreclose.
The trial court found that the default was one which jeopardized the security of the second mortgage, and stated that the actions of the plaintiffs did not comport with the Court’s ideas of fairness. Then, “with some repugnance”, judgment against Walsh in the amount of $105,433.65, plus attorneys’ fees of $5,000, was entered. This appeal understandably ensued.
The evidence that Combs’ security was in jeopardy is slight and consists of a statement from the lady at Naples Federal that the Association considered the loan in default and, unless it were paid, would take some action to collect. There is no evidence that Naples Federal was uneasy about its security on its $15,000 lien against a property worth more than $100,-000. There is no evidence that Walsh received any notice from either Naples Federal or Combs that he was in default. Of course he should have known it, and should have paid either Naples Federal or Combs. But we find nothing in this record which makes conscionable the act of filing foreclosure without ascertaining that there was some real possibility that Naples Federal would initiate foreclosure on the first mortgage and without a bona fide effort to find Walsh and secure his compliance. There is no registered or certified letter, nothing except Combs’ casual testimony of trying without success to telephone Walsh. Of course Walsh is obligated to repay Combs $338 plus interest, plus other amounts Combs may have paid since filing this action.
We need not discuss whether $5,-000 is, as Combs’ cross-appeal contends, inadequate as a fee in this case. The present record will not support a fee in excess of that appropriate to the collection of $338.
Reversed and remanded for further proceedings consistent with Althouse v. Ken-ney, Fla.App.2d 1966, 182 So.2d 270.
PIERCE, C. J., and LILES, J., concur.