SMITH, Judge.
The mortgagees appeal from a summary final judgment entered for the mortgagors and owners in a foreclosure proceeding. The encumbered motel property was severely damaged by a hurricane, following which the mortgagors applied for a Small Business Administration loan to restore the improvements. To induce SBA to grant the loan, the mortgagees agreed in writing to “give at least thirty days notice to [SBA] prior to instituting proceedings to foreclose or liquidate [their] . . . security interest.” Later, when the due date of the first mortgage payment had passed and no payment was made, the mortgagees gave written notice to the mortgagors that “the note and mortgage have been accelerated and that payment [is] demanded in full.” The mortgagees then gave written notice to SBA of their intention to institute foreclosure proceedings. Within thirty days of the latter notice, the mortgagors tendered the past due installments but not the entire debt. That tender was refused and a foreclosure complaint was filed. The trial court granted the mortgagors a summary judgment of dismissal because, while a thirty-day notice of intention to foreclose was given SBA after acceleration of the debt, the mortgagees gave no separate thirty-day notice to SBA of their intention to accelerate the debt for the mortgagors’ failure to pay an installment.
We cannot agree with the trial court that the mortgagees’ agreement with the SBA effectively modified the terms of the note and mortgage and afforded “a grace period within which any default or other breach might be cured.” By the terms of the mortgage the entire debt was subject to acceleration without demand or notice within ten days after failure of prompt payment of an installment. The mortgagees’ agreement with SBA did not cancel the mortgagees’ right of acceleration but only required a thirty-day notice “prior to instituting proceedings . . . .” Since the mortgagors’ equity of redemption continued under Florida law notwithstanding the institution of foreclosure proceedings, it may be wondered what benefit the mortgagees’ undertaking to SBA secured for the mortgagors or for SBA. Perhaps the thirty-day notice period was intended to enable the mortgagors with SBA’s assistance to pay the accelerated debt to avoid fees and costs before suit, or to prepare for suit; perhaps the SBA agreement afforded a grace period to cure defaults when a mortgagee’s right to accelerate is not reserved by the mortgage or recognized by State law; perhaps the mortgagees’ undertaking to SBA accomplished no benefit whatever to the mortgagors. In any event, we decline to give that undertaking effect beyond its terms. Without prejudice to the trial court’s considera *534 tion of the equities in such further proceedings as may be proper, the summary judgment for the mortgagors is
REVERSED. Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970).
MILLS, Acting C. J., and ERVIN, J., concur.