405 So.2d 1064 (1981)
Frank J. SCARFO and Mildred Scarfo, His Wife, Appellants,
v.
Nicholas J. PEEVER, Jacqueline H. Peever, and Lindsay C. Peever, Appellees.
No. 81-69.
District Court of Appeal of Florida, Fifth District.
November 18, 1981.
William H. Corbley, Orlando, for appellants.
Robert W. Olsen, Orlando, for appellees.
COBB, Judge.
This appeal challenges the trial court's denial of acceleration by the mortgagees in a foreclosure action. This denial was based on a finding by the trial court that the conduct of the mortgagees "constituted a waiver by estoppel without first giving notice or some manifestation of plaintiffs' intention to declare the whole payable, unless such payments due are paid within the time allowed... ." We reverse.
The mortgagors (hereinafter referred to singularly as Peever) sent a check to the mortgagees (hereinafter Scarfo) for the payment due on April 9, 1980, on the last day before expiration of a thirty-day grace period. The record does not clearly reflect when Scarfo received the check, only that he did not present the check for payment immediately upon receipt. He testified that he did not immediately present the check for payment because he had the flu. When the check was presented it was dishonored, not once but twice. Peever testified that if Scarfo had cashed the check on May 9th, the last day of the grace period (and apparently the day of receipt), he believed the check would have been honored. Scarfo filed suit to accelerate and foreclose on June 5, 1979; Peever tendered in cash the in-default April payment and the late-but-not-yet-in-default *1065 May payment the day after suit was filed.
Trial testimony revealed that Peever never paid on the mortgage due date, the ninth of every month, but always paid before the thirty-day grace period had run. Scarfo would also take partial payments, and payments in the form of building materials. Peever testified that Scarfo never gave any indication that he would accelerate the balance of the mortgage for failure to timely pay.
The issue on appeal is whether there is substantial competent evidence to support this finding of the trial court. Scarfo argues no evidence exists to support the trial court's findings, for while he accepted payments made during the thirty-day grace period, he never acquiesced to payments outside the grace period. He contends he cannot be estopped to accelerate when payment was attempted outside the grace period because Peever had always previously paid within the grace period. Peever relies on the rule of Treasure, Inc. v. White Star Realty Co., 101 So.2d 866 (Fla. 1958): a trial court's findings of fact will not be disturbed by an appellate court where there is substantial competent evidence to support its findings.
Refusal by a trial court to enforce an acceleration provision denies a mortgagee a contractual right; therefore, the provision should be effectuated unless it would be unconscionable to do so. Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751 (1929); Campbell v. Werner, 232 So.2d 252 (Fla.3d DCA 1970); Althouse v. Kenney, 182 So.2d 270 (Fla.2d DCA 1966). As discussed in Campbell, case law holds that acceleration is properly denied when waived, or when the mortgagee is estopped to assert it. Campbell outlined the situations where a mortgagee has been estopped to assert acceleration:
(1) where the mortgagee's conduct causes the mortgagor to reasonably assume that upon a certain kind of default, the mortgagee would not exercise his right to accelerate;
(2) where the mortgagee failed to perform some duty upon which the exercise of his right to accelerate was conditioned;
(3) where the mortgagor tenders payment after default but before notice of the mortgagee's election to accelerate;
(4) where there was intent to make timely payments, and it was attempted, or steps taken to accomplish it, but nevertheless the payment was not made due to a misunderstanding or excusable neglect, coupled with some conduct of the mortgagee which in a measure contributed to the failure to pay when due or within the grace period.
232 So.2d at 256-257.
In the present case, the trial court found that Scarfo's conduct led Peever into a reasonable belief that he would not accelerate if payment was made outside the grace period. As the Scarfos contend, however, the evidence does not support his finding. The evidence established that payment was never timely, i.e., paid on the due date, and that Scarfo always accepted payments made during the thirty-day grace period. Sometimes Peever would make partial payments during the course of the month, but Scarfo testified that the entire payment due would always be paid by the end of the thirty-day period. Nothing in the record suggests that Scarfo would not have accelerated had Peever, as he ultimately did, failed to pay within the thirty-day grace period. As Scarfo suggests, the fact that Peever always utilized the grace period but always paid before it expired indicates he was aware that payment made outside the grace period would be unacceptable.
Jaudon v. Equitable Life Assurance Society of United States, 102 Fla. 782, 136 So. 517 (1931), cited by Peever, is unavailing. Jaudon stated the principle that a mortgagee by his conduct may induce the mortgagor to believe and act upon the belief that the mortgagee will not enforce the mortgage, and that in such case, the mortgagee must first notify the mortgagor of his intent to hold the mortgagor to strict compliance. Since Scarfo did not commit any acts *1066 that could have reasonably induced Peever into believing the mortgage would not be accelerated if payment was tendered after the grace period expired, the Jaudon principle does not apply to the present case. Northside Bank of Miami v. LaMelle, 380 So.2d 1322 (Fla.3d DCA 1980), also cited by Peever, does not apply to the present case. Northside Bank affirmed a summary judgment in favor of the mortgagors where the mortgagors pleaded the affirmative defenses of estoppel and unconscionability, alleging that the bank had a long history of accepting late monthly installments. As previously illustrated, Scarfo never accepted a payment tendered outside the thirty-day grace period; therefore, the mortgagee's course of conduct that the Northside Bank court found to constitute unconscionability and to require estoppel does not exist in the instant case.
Peever argues that he should be excused from default on the basis that he believes the check he mailed to Scarfo on May 8th would have been good had it been immediately deposited. The check was presented twice and dishonored twice. On May 22, 1979, Peever received notice from the bank that the check had been dishonored. He still failed to make a valid tender of the amount in default prior to initiation of suit by Scarfo. Since Peever elected to pay his mortgage obligation by personal check, it was his responsibility, not that of Scarfo, to insure that sufficient funds were available for payment where, as here, the check was presented within a reasonable time. Scarfo's conduct in this respect does not support a finding of estoppel.
As stated in Campbell v. Werner, 232 So.2d 252 (Fla.3d DCA 1970), a contract for acceleration of a mortgage indebtedness should not be abrogated or impaired, or the remedy applicable thereto denied, except upon defensive pleading and proof of facts or circumstances which are regarded in law as sufficient grounds to prompt or support such action by the court. No such facts exist in the present case, and therefore the trial court's finding was not supported by substantial competent evidence.
REVERSED.
FRANK D. UPCHURCH, Jr., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I agree with the majority that the finding of the trial court of waiver by estoppel was clearly erroneous. However, the ultimate question for this court is not whether the trial court's reasoning was correct, but whether or not it reached the right conclusion. If the trial court's decision denying acceleration and foreclosure can be justified on other grounds it should be affirmed. See Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483, 485 (Fla. 1961); Green v. Bruns, 102 So.2d 610 (Fla. 1958).
The evidence before the trial court showed that after the complaint was filed but before service upon Peever, he made a valid tender of the delinquent payments without actual notice of an election by the mortgagee to accelerate.[1] The mortgagor who tenders payment without notice of an election to accelerate is entitled to make past due payments and if he does so the right of the mortgagee to accelerate is defeated. Clay v. Girdner, 103 Fla. 135, 138 So. 490, 493 (1931).
In order to defeat the effect of a valid tender the decision of the mortgagee to accelerate must be disclosed to the mortgagor before the tender in some effective manner.[2] While I recognize the established rule that the filing of a complaint is an election to accelerate and notice thereof,[3] *1067 none of the cases articulating that rule involved a valid tender without actual notice and before service of process.
I do not believe that the mere filing of a complaint without service upon a mortgagor who does not have actual notice of an acceleration election is sufficient to defeat the effect of an otherwise valid tender. I would affirm on that ground.
NOTES
[1] Peever properly pled and argued the defense of a valid tender without actual notice.
[2] River Holding Co. v. Nickel, 62 So.2d 702, 704 (Fla. 1952).
[3] See August Tobler, Inc. v. Goolsby, 67 So.2d 537 (Fla. 1953); Murray v. Stalnaker, 154 Fla. 64, 16 So.2d 650 (1944); Seligmann v. Bisz, 123 Fla. 493, 167 So. 38 (1936); Van Huss v. Prudential Ins. Co., 123 Fla. 20, 165 So. 896 (1936); Liles v. Savage, 121 Fla. 83, 163 So. 399 (1935); Douglas Properties v. Stix, 118 Fla. 354, 159 So. 1 (1935); Stegemann v. Emery, 108 Fla. 672, 146 So. 650 (1933); Jaudon v. Equitable Life Assur. Soc. of United States, 102 Fla. 782, 136 So. 517 (1931); Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751 (1929); Corlett v. Wood, 81 Fla. 510, 88 So. 268 (1921); Prince v. Mahin, 73 Fla. 525, 74 So. 696 (1917).