436 So.2d 396 (1983)
LA BOUTIQUE of BEAUTY ACADEMY, INC., a Florida Corporation, Appellant,
v.
Dennis R. MELOY, David M. Meloy, John W. Heaberlin and Marilyn F. Heaberlin, Appellees.
No. 82-2675.
District Court of Appeal of Florida, Second District.
August 19, 1983.
*397 David E. Olson of Speer & Olson, P.A., Holiday, for appellant.
Roger P. Hartley of Donald F. Kaltenbach, P.A., New Port Richey, for appellees, Dennis R. and David M. Meloy.
No appearance for appellees, the Heaberlins.
CAMPBELL, Judge.
La Boutique of Beauty Academy, Inc., the mortgagee in this case, appeals the trial judge's order granting summary judgment in favor of the mortgagors, Dennis and David Meloy. We affirm.
The mortgagors received the property in question from the Heaberlins and, in so doing, assumed the mortgage held by appellant. According to the terms of the note and mortgage, payments were due on the 26th of each month; there was also a fifteen day grace period that extended the time in which proper payment could be made.
According to the information contained in affidavits filed by both parties, the problems giving rise to this law suit came about in the following manner. Appellee, Dennis Meloy, issued a check on October 1, 1981, for the mortgage payment due September 26. Thus, the check was written during the grace period. Earlier, he had deposited some checks issued by his tenants into the same checking account. Appellant received appellees' check on October 12, one day beyond the grace period. Nevertheless, appellant's president accepted this payment, as she had accepted a payment made in July which was also beyond the grace period, and deposited the check the next day. The bank returned the check for insufficient funds on October 14. On October 16, appellees learned that one check issued by one of their tenants had been returned for insufficient funds. Dennis Meloy then went to his bank and deposited cash to cover the bad check. Meanwhile, appellant again presented appellees' check for payment on October 16 and was told that there were still insufficient funds. Since Meloy did not deposit cash to cover his tenant's bad check until the afternoon of the 16th, which was a Friday, the deposit would not have been credited until the next banking day, which was the following Monday, October 19. For some reason, however, Meloy's deposit was not even credited on that day, rather, it was apparently credited to his account later that week. Appellant's president presented appellees' check again on Monday the 19th, but because the bank had not formally credited the deposit, one of its employees again informed appellant's president that there were insufficient funds. Appellant then sent notice of acceleration to appellees on October 23. Until that time, appellees, not knowing that any default had occurred and not having received any notice of insufficient funds, believed that any deficit of available funds in their account had been cured on the 16th by the cash deposit.
After appellant formally sued to foreclose the mortgage, both parties moved for summary *398 judgment, and after a hearing on those matters, the trial judge granted appellees' motion and denied appellant's motion.
Initially, we note that neither party has questioned whether this case was ripe for summary judgment, so we do not address that question. The trial judge, after examining the pleadings and affidavits and hearing arguments of counsel, decided that it would be unconscionable to allow acceleration under these circumstances. We agree with the trial judge, however, we also believe that we can affirm under a slightly different but supportive rationale.
The trial judge's conclusion is soundly supported by Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751 (1928), and by Althouse v. Kenney, 182 So.2d 270 (Fla. 2d DCA 1966). Both cases recognize that in some circumstances a court of equity may refuse to foreclose a mortgage when to do so would be unjust and unconscionable. In Campbell v. Werner, 232 So.2d 252 (Fla. 3d DCA 1970), the court noted that this rule applies only when the pleadings or proof and the surrounding circumstances support such action by a trial judge. The pleadings here, coupled with the circumstances which we have detailed, clearly support the findings of the trial judge. Although a mortgagee may properly, upon default by the mortgagor, elect to accelerate, Uwanawich v. Gaudini, 334 So.2d 116 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1086 (Fla. 1977); Guynn v. Brentmoore Farms, Inc., 253 So.2d 136 (Fla. 1st DCA 1971), our courts have consistently noted that acceleration will be denied where the default is merely technical or where the overall equities of a particular case warrant such a result. River Holding Co. v. Nickel, 62 So.2d 702 (Fla. 1952); Amerifirst Federal Savings & Loan Ass'n v. Century 21 Commodore Plaza, Inc., 416 So.2d 45 (Fla. 3d DCA 1982); Rockwood v. DeRosa, 279 So.2d 54 (Fla. 4th DCA 1973); Pearson v. Arthur, 248 So.2d 227 (Fla. 3d DCA 1971); Schechtman v. Grobbel, 226 So.2d 1 (Fla. 2d DCA 1969); Koschorek v. Fischer, 145 So.2d 755 (Fla. 2d DCA 1962); and Lieberbaum v. Surfcomber Hotel Corp., 122 So.2d 28 (Fla. 3d DCA 1960).
In fact, the instant case is very similar to Pearson v. Arthur. There the mortgage initially provided a fifteen day grace period that was later reduced to ten. The mortgagor continued making payments beyond the new grace period but within the old one. The mortgagee accepted these payments for a time and then sent a notice of acceleration which crossed in the mail with the late payment. The court affirmed the denial of the right to accelerate, saying that the equities of the case, coupled with the mortgagee's prior acceptance of payments outside the grace period, estopped the mortgagee from accelerating the note and foreclosing the mortgage. That same reasoning applies here, and it introduces an alternative ground for affirmance which we believe is applicable.
In Campbell v. Werner, the court, in discussing the relationship between defaulting mortgagors and their mortgagees, noted that acceleration of a mortgage could be denied
where the right to accelerate has been waived or the mortgagee estopped to assert it, because of conduct of the mortgagee from which the mortgagor (or owner holding subject to a mortgage) reasonably could assume that the mortgagee, for or upon a certain default, would not elect to declare the full mortgage indebtedness to be due and payable or foreclose therefor; or where the mortgagee failed to perform some duty upon which the exercise of his right to accelerate was conditioned; or where the mortgagor tenders payment of defaulted items, after the default but before notice of the mortgagee's election to accelerate has been given (by actual notice or by filing suit to foreclose for the full amount of the mortgage indebtedness); or where there was intent to make timely payment, and it was attempted, or steps taken to accomplish it, but nevertheless the payment was not made due to a misunderstanding or excusable neglect, coupled with some conduct of the mortgagee which in a *399 measure contributed to the failure to pay when due or within the grace period.
232 So.2d at 256-57 (footnotes omitted). These specific situations are really nothing more than a nonexclusive list of equitable considerations that should be examined whenever a mortgagor is accused of defaulting on his obligations. Appellant's own affidavit, filed by its president, states that appellees "consistently ... failed to make payments when due" and then noted that the July, 1981, payment had been made beyond the grace period. This conduct, in our view, falls within the first situation described in Campbell because appellees could fairly believe that since appellant had not exercised its acceleration rights after prior defaults, it would not do so this time either. Thus, appellant is estopped from now exercising these acceleration rights. Kreiss; Pearson; Smith v. Landy, 402 So.2d 441 (Fla. 3d DCA 1981); 37 Fla.Jur.2d, Mortgages § 218 (1982).
Accordingly, because the mortgagee, by its own conduct, led appellees to believe acceleration would not occur following a late payment and because under the circumstances of this case acceleration and foreclosure would be inequitable, we affirm the order granting summary judgment for the mortgagors and denying it as to the mortgagee. Appellees' motion for attorney's fees is denied.
AFFIRMED.
BOARDMAN, A.C.J., and LEHAN, J., concur.