330 So.2d 154 (1976)
John J. CHOPAN and Dorothy S. Chopan, His Wife, Appellants,
v.
Myron F. KLINKMAN et al., Appellees.
No. 75-175.
District Court of Appeal of Florida, Fourth District.
April 9, 1976.
John B. Ritch of Overstreet & Ritch, Kissimmee, for appellants.
James M. Meade, of Giles, Hedrick & Robinson, Orlando, for appellees.
DOWNEY, Judge.
Appellants conveyed the realty involved in this suit to appellees Mr. and Mrs. Klinkman subject to a mortgage to First Federal Savings & Loan Association of Orlando. As part of the transaction appellants received from the Klinkmans a second mortgage which included a promissory *155 note that contained the following provision:
"In the event that this property is sold by the maker(s) herein the mortgagee(s) shall have the right to declare the unpaid balance, including interest due and payable at their option."
Appellants commenced this action to foreclose their second mortgage, alleging the Klinkmans were in default "due to the fact that on February 1, 1974, they sold the property encumbered by entering into an agreement for deed to sell said property to Robert J. McCreight and Nancy J. McCreight without the prior knowledge or consent of the plaintiff... ." The trial judge granted a motion to dismiss the complaint with prejudice and appellants seek review of that judgment.
Since it is undisputed that the appellees entered into an agreement for deed with Mr. and Mrs. McCreight, the essential question involved in this appeal is whether the agreement for deed involved herein constitutes a sale of the property as between the contracting parties thereto so as to give appellants a right to accelerate the balance of their mortgage. The agreement for deed in question is a routine agreement for deed by which the contract vendors agreed that if the contract vendees made the payments and kept the other covenants provided for therein the vendors would convey to the vendees the described property. Thereafter followed the financial terms of the contract calling for installment payments and payment of taxes and insurance on the property by the vendees. The vendees also agreed to not permit any wasting of the property, to keep it free and clear of liens, and to not assign the contract without written approval of the vendors. Finally, the contract contained a clause providing that the vendees forfeited all payments and rights under the contract in the event of default.
We hold that the execution of an agreement for deed such as the one described here, because it provides for conveyance of absolute title in the future, does not constitute a sale so as to permit the appellants to foreclose their mortgage under the acceleration clause of the mortgage note.
This court in Martyn v. First Fed. Sav. & L. Ass'n, Fla.App.4th 1972, 257 So.2d 576, cited with approval several definitions of the term "sale":
"Black's Law Dictionary, Revised 4th Edition, defines `sale' as follows:
* * * * * *
"`A contract whereby property is transferred from one person to another for a consideration of value, implying the passing of the general and absolute title, as distinguished from a special interest falling short of complete ownership.' (Emphasis supplied.)"
* * * * * *
"28. Fla.Jur., Sales, § 4, defines sale as a `... transmutation of property from one person to another in consideration of some price or value. It is a contract whereby the absolute or general ownership of property is transferred from one person to another for a price, or for any consideration.' (Emphasis supplied.)... ."
* * * * * *
"`Blackstone defines a sale to be: "a transmutation of property from one man to another in consideration of some price or recompense in value," ... A sale has frequently been defined as `transfer of the absolute or general property in a thing for a price in money,' which the buyer pays or promises to pay for the thing bought and sold ... A sale is the transfer of the general or absolute, as distinguished from a special, property in a thing. A sale is said to be an entire and absolute transfer of the thing sold, without reservation.'"
In Franzke v. Fergus County, 76 Mont. 150, 245 P. 962 (1925), the Supreme Court *156 of Montana construed a conditional sales agreement where the legal title was to remain in the contract vendor, to be an agreement to sell, rather than a sale. The court stated:
"`There may be, first, a sale of lands; second, an agreement to sell land. * * The first is the actual transfer of title from grantor to grantee, by appropriate instrument of conveyance. The second is a contract to be performed in the future, and, if fulfilled, results in a sale. It is a preliminary to a sale, and is not the sale. Breaches, rescission or release may occur, by which the contemplated sale never takes place. * * *.'"
The Franzke case (among others) is cited at 8A, Thompson on Real Property, § 4442, p. 253 (1963 Replacement), to support the statement that "[a] contract to sell land on the installment plan is a contract to sell, not a sale." The recurring principle in the foregoing authorities is that a transaction which provides for a conveyance of legal title at a future time upon the occurrence of specified contingencies is not a sale.
Our conclusion that under the circumstances of this case, the agreement for deed is not a sale so as to permit acceleration of the note and foreclosure of the mortgage, is reinforced by the following idea. While an acceleration clause is a valid contractual provision, in enforcing such a clause, a court of equity should require the showing of a clear, unequivocal right to forthwith call due the balance of the debt. As stated in 10 C.J.S. Bills and Notes § 251, page 748:
"An acceleration clause is to be construed as any other provision in a contract, and is to be governed by the usual rules applicable to the construction of contracts. It has been held, however, that a contract to accelerate the maturity of a debt gives a remedy that is harsh in its nature, and provision therefor, in order to be effective, should be clear and unequivocal; and, if there is a reasonable doubt as to the meaning of the terms employed, preference should be given to that construction which will avoid the forfeiture and prevent acceleration of maturity."
We have considered appellants' other points on appeal and find them to be without merit.
AFFIRMED.
OWEN, J., and NESBITT, JOSEPH, Associate Judge, concur.