397 So.2d 364 (1981)
WOODCREST APARTMENTS, LTD., a Florida Limited Partnership, Appellant,
v.
IPA REALTY PARTNERS RICHARDSON PALMER, 3RD INVESTMENT KG, a Foreign Limited Partnership (Being One and the Same As Ipa Realty Partners Richardson, Palmer Dritte Beteilingungs Gmbh Und Co., Kg., a Foreign Limited Partnership), Appellees.
No. UU-320.
District Court of Appeal of Florida, First District.
April 13, 1981.
Rehearing Denied May 11, 1981.
*365 Ben H. Wilkinson and Cathi C. O'Halloran, of Pennington, Wilkinson, Gary & Dunlap, Tallahassee, for appellant.
L. Ralph Smith, Jr., of Peeples, Earl, Smith, Moore & Blank, P.A., Tallahassee, for appellees.
PER CURIAM.
Appellant Woodcrest Apartments, Ltd. (Woodcrest) appeals a final declaratory judgment in favor of appellee IPA Realty Partners Richardson Palmer, 3rd Investment KG (IPA) holding neither the note nor the mortgage permitted Woodcrest to accelerate the maturity of the secured indebtedness upon IPA's sale of the property. The lower court concluded the mortgage clause allowing acceleration upon an assignment of rents, issues and profits without Woodcrest's consent must be construed in the context of further encumbrance of the rents, issues and profits and does not entitle Woodcrest to accelerate maturity upon sale of the property.
We affirm.
Woodcrest sold its apartment complex to IPA, and received from IPA a purchase money mortgage encumbering the property. Paragraph 11(b) of the mortgage reads:
To further secure the payment of the indebtedness hereinabove described, and performance of all other covenants contained in this mortgage, the mortgagor hereby assigns, transfers, and sets over to the mortgagee:
... .
(b) All rents, issues and profits of said mortgaged property from time to time accruing, whether under leases or tenancies, now existing or hereafter created, and the mortgagee shall upon any default of the mortgagor hereunder have the right at its option to receive and receipt therefore and to apply the same as it may elect to any indebtedness secured hereby. In the event the mortgagor should assign the rents, issues, and profits, or any part thereof to any person other than the mortgagee, without first obtaining the consent of the mortgagee, then the entire principal sum secured hereby shall, at the option of the mortgagee become immediately due and payable.
The mortgage and the note contained no express provision prohibiting a sale by IPA of its interest in the property, requiring Woodcrest's consent to such sale, or providing that such a sale without Woodcrest's consent would permit Woodcrest to accelerate the maturity of the note secured by the mortgage.
IPA later sold the property, subject to the Woodcrest mortgage, to a third party. In its fee simple conveyance, IPA did not reserve the right to receive rents and profits.
Woodcrest contends IPA's sale of the property without Woodcrest's consent violated paragraph 11(b) of the mortgage and gives Woodcrest the right to accelerate. It argues the secured indebtedness was, at Woodcrest's option, due on sale, and the sale amounted to an assignment of the rents, issues and profits. However, Woodcrest does not allege its security was impaired by this sale.
*366 The mortgage provides that rents, issues and profits were assigned to Woodcrest as further security for the indebtedness. Under the mortgage, Woodcrest cannot exercise its right to receive such rents, issues and profits unless IPA defaults on its obligations under the note and mortgage. IPA's conveyance, subject to the Woodcrest mortgage, to the third party does not change this provision.
Paragraph 11(b) of the mortgage is concerned only with the further encumbrance of the rents, issues and profits of the property without the mortgagee's consent and not with a nonconsensual sale of property. A sale of the property to a third party does not constitute an assignment of the rents, issues and profits as contemplated by the mortgage.
However, even if Paragraph 11(b) were construed to be a "due-on-sale" clause, there is no allegation or proof that the mortgagee's security has been impaired. In First Federal Savings and Loan Association of Englewood v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980), the court noted divergent lines of cases throughout the United States dealing with the issue of due-on-sale clause enforcement. "The common thread running through the various theoretical approaches is that such clauses are considered restraints on the alienation of real property and are enforceable as reasonable restraints only if their enforcement is not inequitable and unjust under the circumstances." Lockwood, supra, at 158. As to Florida law, the court stated:
Florida courts recognize that a lender has the right to accelerate a mortgage when the violation of the acceleration provision goes to the impairment of the lender's security. They require that the lender in a foreclosure action bear the burden of demonstrating legitimate grounds for refusal to accept the transferee. By so doing, our courts protect borrowers by providing them with equitable defenses to inequitable accelerations by lenders. Clark v. Lachenmeier, 237 So.2d 583 (Fla. 2d DCA 1970). This approach is based on the historical purpose of acceleration clauses, which is to protect the security of lenders.
We conclude the trial court was correct. Appellant is not entitled to accelerate maturity of the secured indebtedness because of appellee's sale of its interest in the subject property.
AFFIRMED.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.