CORRECTED OPINION
FERGUSON, Judge.
Washington Savings and Loan Association of Florida appeals from a Summary Final Judgment enjoining them from enforcing a due-on-sale provision in a mortgage contract after the owner of the mortgaged property had sold or transferred the property without approval of the lender in violation of the contract terms.[1] The trial *806 court held, consistent with the holding of earlier Florida and Minnesota cases,[2] that absent some showing that transfer of the mortgaged property had impaired the lender’s security, appellant-savings and loan association would not be permitted to enforce the due-on-sale clause.
In a sweeping opinion which issued subsequent to the filing of briefs in this case, the United States Supreme Court held in Fidelity Federal Savings & Loan Association v. de la Cuesta, - U.S. -, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), that (1) the Federal Home Loan Bank Board’s due-on-sale regulation was meant to pre-empt conflicting state limitations on the due-on-sale practices of federal savings and loan associations,[3] and (2) the applicable regulations do not confine a federal association’s right to accelerate a loan to cases where the lender’s security is impaired.[4] De la Cuesta overrules the cases which hold that courts may, applying state equity law, refuse to enforce due-on-sale clauses in federal savings and loan association mortgage contracts, and is squarely dispositive of the narrow question presented by this appeal.
Reversed and remanded for further proceedings.

. The mortgage contract contains the following provisions:
If all or any part of the property or an interest therein is sold or transferred by Borrower without Lender’s prior written consent ... Lender may at Lender’s option, declare all the sums secured by this mortgage to be immediately due and payable. Lender shall have waived such option to accelerate if, pri- or to the sale or transfer, the Lender and the person to whom the property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sum secured by this mortgage shall be at a rate as Lender shall request. If Lender had waived the option to accelerate provided in this paragraph 17, and if Borrower as successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Mortgage and the Note.
* * * * * *
Should Borrower or any other person acquiring title to the real estate encumbered here *806 by, transfer said title, or should same be transferred by operation of law, then at the time of such transfer or transfers, Lender at its option and in its sole discretion, shall have the right to increase the rate of interest prescribed in said promissory note to the rate at which Lender shall then be charging on new mortgage loans secured by real estate similar to that encumbered hereby ... such increased rate shall be binding upon all subsequent transferees, and upon Borrower.

. See First Federal Savings and Loan Association v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980); Holiday Acres Number Three v. Midwest Federal Savings & Loan Association, 308 N.W.2d471 (Minn.1981); cf. Consolidated Capital Properties II, Ltd. and Creekwood Village Association, Ltd. v. National Bank of North America, 420 So.2d 618 (Fla. 5th DCA 1982) (federal-due-on-sale regulation inapplicable to non-federal financial institutions).

. The Federal Home Loan Bank Board is an independent federal regulatory agency which has complete authority to administer the Home Owner’s Loan Act of 1933 (HOLA), 48 Stat. 128, as amended, 12 U.S.C. § 1461 et seq. (1976 ed. and Supp. II). The statute empowers the Board to make “such rules and regulations as it may prescribe, to provide for the organization, incorporation, examination, operation, and regulation of associations to be known as ‘Federal Savings and Loan Associations’.”

.12 C.F.R. § 545.6-11(g) (1975) is the pertinent regulation. It provides in part;
(f) Due-on-sale clauses. A Federal association continues to have the power to include, as a matter of contract between it and the borrower a provision in its loan instruments whereby the association may at its option declare immediately due and payable all of the sums secured by the association’s security instrument if all or any part of the real property securing the loan is transferred by the borrower without the association’s prior consent. . . .