## BAXTER v. WHIPPLE, et al.
### Case No. 82 78 CA (L) 01B
Fifteenth Judicial Circuit, Palm Beach County
March 3, 1983

Alexander Myers, for plaintiff.

Bennett S. Cohn, F. Kendall Slinkman and Herbert Benn, for defendant.

JOHN D. WESSEL, Circuit Judge.

The Plaintiff, MILDRED BAXTER, filed a Complaint for Declaratory Relief under Count I, as a result of property which she acquired by an Agreement for Deed, and which she has in her possession.

The Defendants, PAUL J. WHIPPLE and ALLEGRA WHIPPLE, executed the Agreement for Deed in favor of MILDRED BAXTER. The Defendants, WHIPPLES, will be referred to herein as "WHIPPLES."

The WHIPPLES acquired the property by a deed from the Defendants, HARVEY L. WALL, JR. and FRANCES I. WALL, his wife, who will be referred to herein as the "WALLS." The WALLS, in addition, took back from the WHIPPLES as mortgagors, a mortgage which contained a provision as follows:

"If a conveyance should be made by the mortgagor of the premises herein described, or any part thereof, without the written consent of the Mortgagee, and without assumption in regular from of law by the grantee of the obligation to the Mortgagee . . . "

This language the Defendants WALLS maintain prevent the Plaintiff from possessing the property, and, further, creates a right in the Defendants WALLS to foreclose their mortgage against the Defendants WHIPPLE.

At issue is whether an Agreement for Deed is a conveyance as contemplated by the terms of this mortgage. The WALLS maintain that

an Agreement for Deed is a mortgage and that a mortgage is a conveyance of an equitable interest in property, and therefore, a mortgagor can convey by subsequent mortgages, second, third, or fourth, or by Agreement for Deed and that those are conveyances in violation of the terms of the mortgage in paragraph 10.

The Plaintiff BAXTER and the Defendants WHIPPLES argue that an Agreement for Deed by definition is not a conveyance; that it is merely that, an ''Agreement for Deed,'' which is a contract to transfer title to property by deed in the future.

Judge Downey, speaking for the 4th DCA, in *Chopan v. Klinkman,* 330 So. 2d 154, concluded that an Agreement for Deed is not a sale. However, this case has limited applicability to the case sub judice, in that, in *Chopan* what was being contested was a clause that prohibited an acceleration if the property was sold, but, in *Chopan* it was concluded that an acceleration clause is a valid provision of the contract and should be enforced upon a clear unequivocal showing that the terms of the contract are violated. *Clark v. Lachemmeier,* 237 So. 2d 583 (Fla. 2nd DCA 1970).

Although Plaintiff's counsel has submitted the case of *Home Federal Savings and Loan Ass'n v. English* 249 So. 2d 707, as supportive of their position interpreting this exact same clause, the disposition of that case was on a factual presentment, different from the case at bar.

This Court analyzes the position of the Plaintiff as follows. Florida has adopted a lien theory with regards to mortgages. *Martyn v. First Federal Savings and Loan Ass'n of West Palm Beach,* 257 So 2d 576 (1971), as opposed to a title theory of mortgage in which the fee simple is conditional.

Judge Walden, speaking for the 4th DCA, in *Martyn v. First Fed. Sav. & L. Ass'n of W. Palm Beach,* 257 So 2d 576 (1971), said:

> ''There are two theories concerning mortgages, the title and lien theories. Under the title theory, the mortgagee has title at law, a fee simple conditional. In other words, the holder of the mortgage, while not in possession, is actually the owner.'' p. 577

> ''On the other hand, under the lien theory, the mortgagee has neither title nor the right of possession.'' p. 577

> ''Florida is a lien theory jurisdiction as evidenced by F.S. 1969, Sec. 697.02, F.S.A.'' p. 577

So, we can conclude that the modern common law doctrine that a mortgage is a conveyance passing title of property mortgaged to the mortgagee, subject to the mortgagor's right of redemption, has been abrogated in this State by this statute which provides the mortgage is a specific lien on the property and not a conveyance of legal title or the right of possession to said property.

The definition that a mortgage is nothing more than a contract made for the purpose of securing the debt or the performance of duties must force the conclusion that a mortgage is not a conveyance. Further, as Judge Walden indicated in encyclopedic fashion in *Martyn v. First Fed,* supra: 1) a mortgage is just a lien; 2) a mortgage has no right to possession until purchase at a foreclosure sale; 3) a mortgagee has no right to maintain a suit to remove or prevent a cloud on title; 4) holders of mortgages are not entitled to maintain actions to quiet title, 5) a mortgagee of lands sought to be condemned may not be held to be an owner of them; and 6) the mortgage lien is, itself, a species of intangible property.

Webster's New Collegiate Dictionary defines *conveyance* as: 1) the action of conveying; 2) a means or way of conveying as a) an instrument by which title to property is conveyed, b) a means of transport.

Further, the term *conveyance* connotes a deed whereby title to land is transferred from one person or entity to another, being an abbreviated form of the expression "deed of conveyance." 10 Fla. Jur. Deeds, Sec.2.

Accordingly, in interpreting the subject clause in this dispute between the WHIPPLES and the WALLS, we must conclude:

a) An Agreement for Deed is not a sale in that it does not convey title;

b) It is more like a mortgage;

c) It is, therefore, at most, an instrument creating a lien on real property, and,

d) Finally, applying a clear unambiguous meaning to the language of the contract, a conveyance contemplates the transfer of title.

THEREFORE, the Agreement for Deed between the Plaintiff BAXTER and the Defendants WHIPPLES is not a conveyance as contemplated in paragraph 10 of the Mortgage between the WHIPPLES and the WALLS.

ACCORDINGLY, it is

ORDERED, ADJUDGED and DECLARED:

1) The Agreement for Deed between the Plaintiff BAXTER and the Defendants WHIPPLES, does not constitute a conveyance pursuant to paragraph 10 of the Mortgage between the Defendants WHIPPLES and the Defendants WALLS, and therefore, the Defendants WALLS right to accelerate the Mortgage on this ground must be denied.