440 So.2d 652 (1983)
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF FORT MYERS, Appellant,
v.
Herman J. FOX, Clover G. Fox and Teresa A. Hoermann, Appellees.
No. 83-485.
District Court of Appeal of Florida, Second District.
November 18, 1983.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellant.
E. Glenn Tucker, Marco Island, Jackson L. Boughner, P.A., Naples, for appellees.
RYDER, Acting Chief Judge.
This is an appeal from an order dismissing a complaint in an action to foreclose a mortgage.
First Federal Savings & Loan Association of Ft. Myers (Federal) sought to foreclose a mortgage on real property held by Herman J. Fox and Clover G. Fox. The Foxes had executed and delivered a note and mortgage to Federal on August 3, 1978. The mortgage agreement was recorded on August 4, 1978 in Collier County.
Paragraph 17 of the mortgage agreement provided in relevant part:

*653 If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant, or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Mortgage to be immediately due and payable.
The complaint alleged that on April 28, 1981, the Foxes executed and delivered "an agreement for deed," by the terms of which they agreed to convey to Teresa A. Hoermann the real property subject to the mortgage agreement. The complaint further alleged that the "agreement for deed" was recorded on April 30, 1981 in Collier County. Further, the complaint alleged that Hoermann subsequently took possession of the property and held possession at the time the suit was filed. Finally, the complaint alleged that the Foxes did not obtain Federal's written consent prior to the transfer.
Federal concluded that the Foxes defaulted under the note and mortgage by violating paragraph 17 of the agreement in that they sold or transferred an interest in the property by executing the "agreement for deed" without Federal's prior written consent. Federal, therefore, demanded all sums due on the note and mortgage.
The Foxes filed a motion to dismiss, contending that the execution and delivery of an "agreement for deed" did not constitute a sale or transfer of an interest in the property. The trial court granted the motion to dismiss with prejudice. A timely notice of appeal was filed. We reverse.
Apparently, the trial court, in issuing its order to dismiss, relied heavily upon Chopan v. Klinkman, 330 So.2d 154 (Fla. 4th DCA 1976). Chopan is inapplicable as applied to the facts of this case. The due-on-sale clause in Chopan provided that the mortgage would accelerate the balance if the property was "sold." In the case sub judice, however, the clause in question is different in that it permits acceleration of the balance upon the transfer of an interest. It is not limited to an actual sale of the property.
The parties to an agreement for deed are in essentially the same position as if the vendor had transferred the legal title and taken back a purchase money mortgage. H & L Land Co., Inc. v. Warner, 258 So.2d 293, 295 (Fla. 2d DCA 1972). There, the vendee became the equitable owner of the land and the vendor held the bare legal title to the land as security for the vendee's performance. Warner; Mid-State Investment Corp. v. O'Steen, 133 So.2d 455 (Fla. 1st DCA 1961). Furthermore, under an agreement for deed, the vendor has no legal right to repossess the property and has no legal right to trespass on the property. O'Steen at 457. As the agreement for deed is essentially a security interest which takes the place of the more traditional purchase money mortgage, the vendee has an equity of redemption in the property. Adkinson v. Nyberg, 344 So.2d 614 (Fla. 2d DCA 1977); Hoffman v. Semet, 316 So.2d 649 (Fla. 4th DCA 1975). The vendor under an agreement for deed transfers all of his interest in the property except for bare legal title. Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982).
The legal effect of this transaction in the case sub judice would permit the mortgagor to accomplish indirectly something which the mortgagor cannot accomplish directly in that it would provide a device by which a mortgagor could circumvent the plain meaning of the mortgage contract. Fidelity Federal Savings & Loan Association v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). See also First Home Federal Savings & Loan Association v. Nance, 436 So.2d 163 (Fla. 2d DCA 1983).
Accordingly, we hold that an agreement for deed is a transfer of an interest in real estate and by executing such a document in favor of Hoermann, the Foxes violated the terms of paragraph 17 of the *654 mortgage agreement. Thus, the court below erred in granting the motion to dismiss.
The order appealed from is REVERSED and the cause REMANDED for further proceedings consistent herewith.
DANAHY and LEHAN, JJ., concur.