448 So.2d 51 (1984)
FREEDOM SAVINGS AND LOAN ASSOCIATION, INC., Appellant,
v.
Charles LaMONTE and Avis LaMonte, et al., Appellees.
No. 83-1804.
District Court of Appeal of Florida, Second District.
April 4, 1984.
Stephen C. Chumbris of Greene, Mann, Rowe, Stanton, Mastry & Burton, St. Petersburg, for appellant.
Jeffrey W. Warren of Bush, Ross, Gardner, Warren & Rudy, Tampa, for appellees Charles LaMonte and Avis LaMonte.
GRIMES, Acting Chief Judge.
This appeal involves a new twist in the ongoing controversy over the enforceability of mortgage due on sale clauses.
On October 18, 1976, Charles and Avis LaMonte executed a mortgage on their *52 property to Freedom Federal Savings and Loan Association. The mortgage contained a due on sale clause.[1] On June 10, 1980, the LaMontes entered into an agreement for deed of the secured property with James and Judith Roberts. As a consequence, Freedom declared its loan in default for violation of the due on sale clause and sued to foreclose the mortgage. The LaMontes and the Roberts' filed motions to dismiss premised on the theory that in the absence of allegations of an impairment of security, the complaint failed to state a cause of action. Relying upon Chopan v. Klinkman, 330 So.2d 154 (Fla. 4th DCA 1976), they argued that an agreement for deed does not constitute a sale of property in violation of a due on sale clause. The court entered an order dismissing the complaint with prejudice.
While this appeal was pending, our court rendered its decision in First Federal Savings & Loan Association of Fort Myers v. Fox, 440 So.2d 652 (Fla. 2d DCA 1983), in which we held that the execution of an agreement for deed constituted a violation of an identical due on sale clause of a federal savings and loan association mortgage so as to permit foreclosure. We distinguished Chopan because the due on sale clause in that case permitted acceleration only if the property was "sold." Thus, as in Fox, the execution of the agreement for deed by the LaMontes and the Roberts' constituted a transfer of an interest in real estate contemplated by Freedom's due on sale clause.
The appellees acknowledge that a due on sale clause in a federal savings and loan association mortgage executed after June 8, 1976, may be enforced even though the prohibited transfer did not affect the security of the mortgage. Fidelity Federal Savings & Loan Association v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982); First Fidelity Federal Savings & Loan Association v. Quigley, 445 So.2d 1052 (Fla. 2d DCA 1984). However, they now argue for the first time that Freedom was no longer entitled to declare a default in its due on sale clause because on May 20, 1980, it converted its federal charter to a capital stock association authorized under the laws of Florida.[2] They point out that a mortgage not protected by federal preemption cannot be foreclosed in Florida for a violation of its due on sale clause without a showing of impairment of security. Consolidated Capital Properties, II, Ltd. v. National Bank of North America, 420 So.2d 618 (Fla. 5th DCA 1982); Woodcrest Apartments, Ltd. v. IPA Realty, 397 So.2d 364 (Fla. 1st DCA 1981); First Federal Savings & Loan Association v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980). The appellees argue that having *53 chosen to accept the benefits of state regulation, Freedom must also accept the treatment accorded mortgage foreclosures by other state chartered associations. Freedom responds that its subsequent conversion to a state association cannot affect a due on sale clause which was valid when the mortgage was executed.[3]
There is considerable merit in the positions of both sides, and we have found no case in which a court has been presented with this issue. After weighing each position, we are persuaded towards the view of Freedom. The emphasis in de la Cuesta is on the validity of the due on sale clause as of the date of the execution of the mortgage. At that time, all parties are presumed to know the status of the law with respect to the legality of the pertinent mortgage provisions.[4] If the clause was valid at the time of its execution, its status should not be changed by the fortuity of the lender having converted its federal charter to that of a state stock association. The Florida statute under which the conversion was effected provided for the succession of all rights and benefits held by the predecessor association. § 665.710(4), Fla. Stat. (1979). The public policy implicit in the reluctance of our courts to permit mortgage foreclosures without an impairment of security is not so strong as to bar an acceleration under a due on sale clause which was valid at the time the mortgage was executed.[5]
We reverse the order of dismissal and remand the case for further proceedings.
CAMPBELL and LEHAN, JJ., concur.
NOTES
[1] Transfer of the Property; Assumption.
If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Mortgage to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Mortgage shall be at such rate as Lender shall request. If Lender has waived the option to accelerate provided in this paragraph 17, and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Mortgage and the Note.
If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 18 hereof.
[2] We have chosen to address this issue because the conversion to a state association was alleged in the complaint and many other mortgages may be similarly affected.
[3] We reject Freedom's alternative argument that the Garn-St Germain Depository Institutions Act of 1982, Pub.L. No. 97-320, § 341, 96 Stat. 1469, 1505-1507, which purports to authorize the unrestricted enforcement of due on sale clauses in real property mortgages by any lender, has retroactive effect.
[4] One could legitimately argue that the parties had no reason to know that federal law would preempt the state's equitable jurisdiction in mortgage foreclosures until the United States Supreme Court so ruled in de la Cuesta. On the other hand, Lockwood and its progeny had not yet been rendered when this mortgage was executed, and the plain wording of the due on sale clause does not suggest that it cannot be enforced if there is no impairment of security.
[5] Cf. Continental Mortgage Investors v. Sailboat Key, Inc., 395 So.2d 507 (Fla. 1981), which discusses the circumstances in which courts are justified in invoking public policy to refuse to enforce a contract which was legally entered into in another jurisdiction.