GRIMES, Judge.
Once again we are called upon to interpret the application of a mortgage due on sale clause.
On August 2, 1973, Robert H. and Mary L. Reeder (Reeders) executed and delivered to Pioneer Federal Savings and Loan Association (Pioneer Federal) a promissory note for $520,000 secured by a mortgage of certain real property. The mortgage incorporated the provisions of a “master form of mortgage” previously recorded by Pioneer Federal. Paragraph 11 of the master mortgage contained a due on sale clause which read as follows:
That if conveyance should be made by the Mortgagor of the premises herein described or any part thereof, without the written consent of the Association, then and in that event and at the option of the Association and without notice to the Mortgagor, all sums of money secured hereby shall immediately and concurrently with such conveyance become due and payable and in default whether the same are so due and payable and in default by the specific terms hereof or not.
On August 30, 1979, the Reeders entered into an agreement for deed with Corinthian Investments (Corinthian). The agreement called for Corinthian to make monthly payments to the Reeders, and upon the full payment of the contract price the Reeders agreed to convey the subject property to Corinthian in fee simple. This transaction occurred without the written consent of Pioneer Federal.
On May 9, 1983, Pioneer Federal filed suit to foreclose the mortgage, declaring the balance due and payable by reason of the Reeders’ “conveyance” of the property to Corinthian without the consent of Pioneer Federal as required by the due on sale clause. The Reeders and Corinthian moved to dismiss on grounds that (1) the agreement for deed did not constitute a conveyance as defined in the due on sale clause; (2) the complaint contained no allegation that Pioneer Federal’s security had been impaired by reason of the agreement for deed; (3) Pioneer Federal waived its right to declare a default by continuing to accept payments on its mortgage for more than three years following the execution of the agreement for deed. The trial judge, believing that he was bound by the case of Chopan v. Klinkman, 330 So.2d 154 (Fla. 4th DCA 1976), dismissed the complaint on the premise that the agreement for deed did not constitute a default under the due on sale clause. Pioneer Federal appeals.
In Chopan v. Klinkman the due on sale clause authorized the mortgagee to declare the unpaid balance due and payable in the event the property was “sold” by the mortgagor. Our sister court held that the execution of an agreement for deed which provided for the conveyance of the absolute title in the future did not constitute a sale so as to permit acceleration of the unpaid balance. However, in a decision rendered subsequent to the order entered in the instant case, our court ruled that the execution of an agreement for deed did constitute a default under a due on sale clause. *128 First Federal Savings & Loan Association v. Fox, 440 So.2d 652 (Fla. 2d DCA 1983). We first distinguished Chopan by pointing out that rather than simply prohibiting the sale of the property, the due on sale clause in the case before us permitted acceleration in the event of a transfer of an interest in the property. We then went on to say:
The parties to an agreement for deed are in essentially the same position as if the vendor had transferred the legal title and taken back a purchase money mortgage. H & L Land Co., Inc. v. Warner, 258 So.2d 293, 295 (Fla. 2d DCA 1972). There, the vendee became the equitable owner of the land and the vendor held the bare legal title to the land as security for the vendee’s performance. Warner; Mid-State Investment Corp. v. O’Steen, 133 So.2d 455 (Fla. 1st DCA 1961). Furthermore, under an agreement for deed, the vendor has no legal right to repossess the property and has no legal right to trespass on the property. O’Steen at 457. As the agreement for deed is essentially a security interest which takes the place of the more traditional purchase money mortgage, the vendee has an equity of redemption in the property. Adkinson v. Nyberg, 344 So.2d 614 (Fla. 2d DCA 1977); Hoffman v. Semet, 316 So.2d 649 (Fla. 4th DCA 1975). The vendor under an agreement for deed transfers all of his interest in the property except for bare legal title. Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982).
440 So.2d at 653.
The language in Pioneer Federal’s mortgage differs from both Chopan and Fox in that it provides for default in the event of a “conveyance” of the property. The parties make conflicting arguments with respect to whether the words “conveyance ... of the premises ... or any part thereof” refer only to the transfer of legal title or also include a transfer of equitable title. We believe, however, that our decision should be based upon the substance of the transaction.
The agreement for deed broke down Corinthian’s obligation for payments into two increments, the first of which called for monthly payments to the Reeders in the exact amount owed monthly by the Reed-ers under the Pioneer Federal mortgage. Upon the execution of the agreement, Corinthian obtained possession of the property. The agreement required Corinthian to pay “all taxes, assessments, or other impositions” imposed against the property and to maintain insurance on the buildings. In order to regain possession of the property upon a default by Corinthian, the Reeders would have to resort to court action. Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982). Corinthian has all of the practical incidents of ownership. As such, our analysis of the transaction in Fox seems peculiarly applicable:
The legal effect of this transaction in the case sub judice would permit the mortgagor to accomplish indirectly something which the mortgagor cannot accomplish directly in that it would provide a device by which a mortgagor could circumvent the plain meaning of the mortgage contract.
440 So.2d at 653 (citations omitted). We hold that the agreement for deed entered into between the Reeders and Corinthian constituted a conveyance as contemplated by Pioneer Federal’s due on sale clause. Cf. Mutual Federal Savings & Loan Association v. Wisconsin Wire Works, 58 Wis.2d 99, 205 N.W.2d 762 (1973) (agreement for deed deemed sufficient to trigger clause permitting acceleration if mortgagors “shall convey away said mortgaged premises” without the mortgagee’s consent).
The foregoing holding requires us now to consider the other points argued by the parties. The Reeders and Corinthian contend that federal regulations have not preempted state law with respect to pre-1976 mortgages and that the failure to allege that the agreement for deed constituted an impairment of security was a fatal omission under Florida law. Pioneer Federal responds that Florida law has been preemp *129 ted since at least 1948 when the Federal Home Loan Bank Board passed a general regulation requiring all federal savings and loan association instruments to “provide for full protection to the federal association.” 12 C.F.R. § 545.8-3(a) (1982). Pioneer Federal further asserts that in any event it is entitled to foreclose the mortgage by reason of the provisions of the Garn-St. Germain Act § 341(b), 12 U.S.C.A. § 1701j—3(b) (West Supp.1984), enacted by Congress, effective October 15, 1982.
These arguments were raised in a recent case before this court involving parties that were in essentially the same posture as those in the instant ease. Kiefer v. Fortune Federal Savings & Loan Association, 453 So.2d 430 (Fla. 2d DCA 1984). Pursuant to the rationale of that decision, we hold that prior to June 8, 1976, the effective date of 12 C.F.R. § 545.8-3(f) (1982), federal law did not preempt applicable state law concerning the enforcement of due on sale clauses in federal savings and loan association mortgages. Following Kiefer, we also hold that the Garn-St. Germain Act does not retroactively apply so as to permit acceleration of a due on sale clause premised upon a “conveyance” occurring more than three years before the effective date of the Act. Accord Freedom Savings & Loan Association v. LaMonte, 448 So.2d 51 (Fla. 2d DCA 1984). As in Kiefer, we certify to the Florida Supreme Court the following question as one of great public importance:
IS THE GARN-ST. GERMAIN ACT RETROACTIVE IN APPLICATION AS IT PERTAINS TO TRANSFERS MADE PRIOR TO THE EFFECTIVE DATE OF THE ACT?
Because the complaint did not allege that the agreement for deed caused an impairment of the security under the mortgage, it failed to state a cause of action. First Federal Savings & Loan Association v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980); Clark v. Lachenmeier, 237 So.2d 583 (Fla. 2d DCA 1970). Since counsel took the position at oral argument that Pioneer Federal does not wish to amend its complaint to include an allegation of impaired security, the order dismissing the complaint is affirmed.
RYDER, C.J., and OTT, J., concur.