HOBSON, Acting Chief Judge.
First Federal Savings and Loan Association of Winter Haven (First Federal), plaintiff below in a mortgage foreclosure action, appeals a final order rendered in favor of Glenn Siegel, his wife Nancy Siegel, Harold Rickard, and his wife Kay Rickard, defendants below. The final order granted the Siegels and Rickards’ motion to dismiss First Federal’s complaint with prejudice on the ground that the mortgage in question is subject to the “window period” provision of 12 U.S.C. § 1701j — 3 (West Supp.1984) of the Garn-St. Germain Depository Institutions Act of 1982 (Garn-St. Germain Act). We reverse and remand.
In August 1979 the Siegels executed and delivered to First Federal 1) a promissory note for the purchase of a certain parcel of real property, and 2) a mortgage securing the note and encumbering the real estate. The mortgage contained a due-on-sale clause enabling First Federal to opt to declare due and payable the sum secured by the mortgage if the property securing the mortgage was sold or transferred by the Siegels without its prior written consent. In April 1981 the Siegels conveyed the real estate to the Rickards without First Federal’s prior written consent. In the deed of conveyance, the Rickards assumed and agreed to pay the mortgage. First Federal promptly notified the Siegels and the Rick-ards of its intent to choose to enforce the due-on-sale clause. Although afforded an opportunity by First Federal to avoid acceleration of the debt by assuming or paying the loan under certain conditions, the Rick-ards declined to do either.
In February 1983 First Federal filed a complaint against the Rickards and Siegels seeking to foreclose the mortgage. However, the complaint did not contain an allegation that First Federal’s security had been impaired by reason of the transfer. Therefore, the Siegels and Rickards submitted a motion to dismiss the complaint for failure to state a cause of action, implicitly relying on decisions of Florida district courts of appeal, including ours, which hold that a lender cannot exercise a due-on-sale clause of a mortgage absent a showing that violation of the clause has impaired the lender’s security. See e.g., Clark v. Lachenmeier, 237 So.2d 583 (Fla. 2d DCA 1970); First Federal Savings & Loan Association of Englewood v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980); Consolidated Capital Properties, II, Ltd. v. National Bank of North America, 420 So.2d 618 (Fla. 5th DCA 1982); Woodcrest Apartments, Ltd. v. IPA Realty Partners Richardson Palmer, 3rd Investment KG, 397 So.2d 364 (Fla. 1st DCA 1981). After conducting a hearing, the trial court rendered its final order granting the motion to dismiss with prejudice.
*581 First Federal contends on appeal that Fidelity Federal Savings & Loan Association v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), mandates a reversal of the trial court’s final order. In de la Cuesta, the Supreme Court of the United States held that a federal savings and loan association can freely enforce a due-on-sale clause of a real property loan, notwithstanding state restrictions to the contrary, because 12 C.F.R. § 545.8-3(f), the federal due-on-sale regulation issued in 1976 by the Federal Home Loan Bank Board, preempts such state restrictions. First Federal notes that de la Cuesta has been expressly followed by our court and two of our sister courts in First Federal Savings & Loan Association of Winter Haven v. Quigley, 445 So.2d 1052 (Fla. 2d DCA 1984), First Home Federal Savings & Loan Association v. Nance, 436 So.2d 163 (Fla. 2d DCA 1983), Orange Federal Savings & Loan Association v. Dykes, 433 So.2d 642 (Fla. 5th DCA 1983), and Washington Federal Savings & Loan Association v. del Portillo, 419 So.2d 805 (Fla. 3d DCA 1982).
First Federal asserts that the court below based its ruling on a misinterpretation of subsection (c) of 12 U.S.C. § 1701j-3 of the Garn-St. Germain Act. Subsection (c) is known as the “window period” provision.
Section 1701j-3 of the Garn-St. Germain Act, which became effective on October 15, 1982, reads in relevant part:
§ 1701j-3. Preemption of due-on-sale prohibitions

(b) Loan contract and terms governing execution or enforcement of due-on-sale options and rights and remedies of lenders and borrowers; assumptions of loan rates
(1) Notwithstanding any provision of the constitution or laws (including the judicial decisions) of any State to the contrary, a lender may, subject to subsection (c) of this section, enter into or enforce a contract containing a due-on-sale clause with respect to a real property loan.

(c) State prohibitions applicable for prescribed period; subsection (b) provisions applicable upon expiration of such period; ...
(1) In the case of a contract involving a real property loan which was made or assumed, including a transfer of the liened property subject to the real property loan, during the period beginning on the date a State adopted a constitutional provision or statute prohibiting the exercise of due-on-sale clauses, or the date on which the highest court of such State has rendered a decision (or if the highest court has not so decided, the date on which the next highest appellate court has rendered a decision resulting in a final judgment if such decision applies State-wide) prohibiting such exercise, and ending on October 15,1982, the provisions of subsection (b) of this section shall apply only in the case of a transfer which occurs on or after the expiration of 3 years after October 15, 1982, ...
(2) ....
(C) This subsection does not apply to a loan which was originated by a Federal savings and loan association or Federal savings bank.

Although the mortgage in the case at bar was made and assumed during the “window period,” and although Florida is undoubtedly a “window period” state, see Kiefer v. Fortune Federal Savings & Loan Association, 453 So.2d 430 (Fla. 2d DCA 1984), quoting with , approval from Weiman v. McHaffie, 448 So.2d 1127 (Fla. 1st DCA 1984), First Federal disputes the Siegels and Rickards’ position, accepted by the court below, that the “window period” provision of section 17Olj — 3 of the Garn-St. Germain Act applies against the mortgage in question.
By virtue of both our reading of the above-quoted plain language of subsection (c)(2)(C) of section 17Olj — 3 and our review of the legislative history of section 1701j-3, see 1982 U.S. Code Congressional and Ad *582 ministrative News, pp. 3074-79, we agree with and therefore endorse First Federal’s argument that the mortgage here is excluded from the “window period” provision’s effect. Subsection (c)(2)(C) of section 1701j-3 and the legislative history of section 1701j-3 clearly indicates that a mortgage originated after June 8, 1976,[1] by a federal savings and loan association, as was the mortgage in the case at bar, is not subject to the “window period” provision. Hence, the instant case is governed by the holdings of de la Cuesta, Quigley and Nance. As a result, the due-on-sale clause embodied in the mortgage is not subject to Florida case law restrictions on the enforcement of such a clause.
Accordingly, we reverse the final order dismissing First Federal’s complaint with prejudice and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
SCHEB and DANAHY, JJ., concur.

. June 8, 1976, is the effective date of 12 C.F.R. § 545.8-3(f).