GRIMES, Acting Chief Judge.
Haven Federal unsuccessfully sought to foreclose its April 26, 1966, mortgage for “conveyances” of the property on April 2, 1981, and February 24, 1982, made in violation of the due on sale clause.
This court’s decisions in Pioneer Federal Savings & Loan Association v. Reeder, 453 So.2d 126 (Fla. 2d DCA 1984), and Kiefer v. Fortune Federal Savings & Loan Association, 453 So.2d 430 (Fla. 2d DCA 1984), recently rejected Haven Federal’s argument that a 1948 regulation of the Federal Home Loan Bank Board authorizing federal savings and loan associations to “provide for full protection to the federal association” had the effect of preempting Florida law thereafter. These decisions also held, contrary to Haven Federal’s position, that the Garn-St. Germain Act does *1291 not retroactively apply to conveyances occurring before October 15, 1982.
Haven Federal’s remaining argument is that when its mortgage was executed, Florida law authorized the unrestricted exercise of due on sale clauses without regard to impairment of security. It seeks to place itself in the position of the lender in Fidelity Federal Savings & Loan Association v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). There the United States Supreme Court declined to consider whether the June 8, 1976, Federal Home Loan Bank Board regulation authorizing due on sale clauses would affect two of Fidelity Federal’s mortgages given before that date. The Court concluded that when these mortgages were executed California law permitted foreclosures for violations of due on sale clauses without a showing of impairment of security. However, we find pre-June 8, 1976, Florida law to be decidedly different from that of California.
Admittedly, it was not until 1970 that a Florida appellate court held that a judge could refuse to foreclose a mortgage for violation of a due on sale clause when there was no showing that the security was impaired. Clark v. Lachenmeier, 237 So.2d 583 (Fla. 2d DCA 1970). However, Florida decisions have always recognized that a court of equity could refuse to foreclose a mortgage when acceleration of the due date for an unharmful breach of a condition would be inequitable and unjust. Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751 (1929); Overholser v. Theroux, 149 So.2d 582 (Fla. 3d DCA 1963); and Groner-Youngerman, Inc. v. Denison, 117 So.2d 210 (Fla. 2d DCA 1959). In St. Martin v. McGee, 82 So.2d 736 (Fla.1955), the supreme court upheld the denial of foreclosure for breach of a covenant to keep the building on the land in proper repair where it was shown that the security as a whole had not been impaired. Even now, there are no Florida cases, except those controlled by the 1976 Federal Home Loan Bank Board preemptive regulation, which hold that a mortgage must be foreclosed for a conveyance in violation of a due on sale clause in spite of the fact that the value of the security has not been diminished. We are convinced that the principles stated in Clark v. Lachenmeier and First Federal Savings & Loan Association v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980), accurately reflect Florida law as of April 26, 1966, when the mortgage to Haven Federal was executed in this case. Since there was no contention that the property transfers occurring in 1981 and 1982 had unfavorably affected the security of the mortgage, the court properly granted summary judgment against Haven Federal.
Because the issue has already been certified in Pioneer Federal and in Kiefer, and in order to protect Haven Federal’s position, we once again certify to the Florida Supreme Court the following question as one of great public importance:
IS THE GARN-ST. GERMAIN ACT RETROACTIVE IN APPLICATION AS IT PERTAINS TO TRANSFERS MADE PRIOR TO THE EFFECTIVE DATE OF THE ACT?
AFFIRMED.
SCHEB and SCHOONOVER, JJ., concur.