McDonald, justice.
We have for review Pioneer Federal Savings & Loan Association v. Reeder, 453 So.2d 126 (Fla. 2d DCA 1984), because the district court certified the following question to be of great public importance:
IS THE GARN-ST. GERMAIN ACT RETROACTIVE IN APPLICATION AS IT PERTAINS TO TRANSFERS MADE PRIOR TO THE EFFECTIVE DATE OF THE ACT?
Id. at 129. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We decline to answer the certified question because in Weiman v. McHaffie, 470 So.2d 682 (Fla.1985), we held that due-on-sale clauses are enforceable in Florida.
In 1973 Robert and Mary Reeder executed a $520,000 promissory note secured by a mortgage on certain real property in favor of Pioneer Federal Savings and Loan Association (Pioneer). The mortgage incorporated by reference the provisions of a previously recorded “master form of mortgage” containing a due-on-sale clause. The Reeders and Corinthian Investments, Inc., entered into an agreement for deed on the mortgaged property in 1979 without obtaining Pioneer’s written consent. Pioneer brought an action in 1983 for foreclosure of the mortgage and damages. The trial court dismissed the complaint on the ground that an agreement for deed was not a sale of property which would permit a lender to enforce a due-on-sale clause.
On appeal the district court held that the agreement for deed did constitute a conveyance under the due-on-sale clause. For the reasons expressed in the district court’s opinion, we approve the holding on this issue. The district court also affirmed the dismissal of the complaint because Pioneer failed to allege an impairment of security as required by First Federal Savings & Loan Association v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980).
In Weiman we disapproved Lockwood, and, therefore, the district court’s decision on this point must be quashed. Accordingly, the district court decision under review is approved in part, quashed in part, and remanded for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, EHLRICH and SHAW, JJ., concur.
OVERTON, J., not participating.