517 So.2d 756 (1987)
George B. KARPAY, Appellant,
v.
LAS BRISAS CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 87-834.
District Court of Appeal of Florida, Second District.
December 30, 1987.
Edward I. Cutler and Hywel Leonard of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tampa, for appellant.
Jay B. Verona and Raymond C. Conklin of Stolba, Englander, Andrews & Shames, P.A., St. Petersburg, for appellee.
*757 CAMPBELL, Acting Chief Judge.
The question here is whether a vendor, under an agreement for deed, may be held liable for condominium association common expense assessments. We find, under these particular circumstances, that a vendor may be required to pay those assessments.
Appellant, George B. Karpay, executed an agreement for deed to sell his Las Brisas condominium to Mr. and Mrs. Plesco. When Mr. and Mrs. Plesco failed to pay the condominium association common expense assessments, appellee, Las Brisas Condominium Association, Inc. (Las Brisas), threatened to file suit against appellant for the delinquent assessments. Appellant instituted a foreclosure action against the Plescos, and Las Brisas filed a counterclaim against appellant for the assessments. The trial court entered final judgment in favor of Las Brisas on the counterclaim, finding that appellant was a "unit owner" and, as such, liable for the assessments.
Appellant argues that he should not be liable for the assessments because under Florida law on agreements for deed, a vendor becomes the equitable owner of the condominium unit, holding only bare legal title as security for the vendee's performance of the agreement. First Federal Savings & Loan Association v. Fox, 440 So.2d 652 (Fla. 2d DCA 1983). The trial court did not, nor do we, disagree with the legal principles established in Fox and in numerous other Florida decisions insofar as those principles affect the relationship between the vendor and the vendee under an agreement for deed.
The dispute here, however, is not between the vendor and the vendee. It is between the vendor and a third party, the condominium association. The trial court held that Chapter 718, Florida Statutes (1985) and the Declaration of Condominium of Las Brisas of Madeira Condominium clearly anticipate that the vendor under an agreement for deed would be personally liable as a "unit owner" for the condominium assessments regardless of whether the vendee under such an agreement might also be so liable. We do not find that section 718.116 is a model of clarity in establishing the personal liability of parties who may jointly own varying degrees of ownership in a condominium unit. It is clear from section 718.116(1)(a) that a "grantee shall be jointly and severally liable with a grantor" for unpaid assessments "up to the time of transfer of title." We perceive that the overall intent of the legislative scheme concerning personal liability for condominium assessments between persons owning, transferring and receiving title to condominium units is to impose joint and several liability between such parties up until the time of the actual transfer of title.
However, we are not required to rest our conclusions solely on our perception of the ill-defined legislative intent. The condominium documents clearly impose liability for the assessments on appellant, and appellant's personal liability, not the right to or the priority of liens as security for such assessments, is the only issue before us. Section 718.103(24) defining "unit owner" as the "owner of a condominium parcel" is less than helpful. Section 718.112(2)(g) provides that the "manner of collecting from the unit owners their shares of the common expenses shall be stated in the bylaws." Article IV of the Articles of Incorporation of the appellee association provides as a "power" of the association the power to "make and collect assessments against members. ..." (Emphasis supplied.) Article IX of appellees Articles of Incorporation provides under the heading "Members" as follows:
A. The members of the Association shall consist of all the record owners of apartments.
B. Change of membership in the Association shall be established by the recording of the Public Records of Pinellas County, Florida, of the deed or other instrument establishing a record title to an apartment in the Condominium and the delivery to the Association of a certified copy of such instrument, the owner designated by such instrument thereby becoming a member of the Association. *758 The membership of the prior owner shall be thereby terminated.
C. The share of a member in the funds and assets of the Association cannot be assigned, hypothecated, or transferred in any manner except as an appurtenance to his apartment.
D. The members of the Association shall be entitled to at least one vote for each apartment owned by them. The exact number of votes to be cast by owners of an apartment and the manner of exercising voting rights shall be determined by the By-Laws of the Association. (Emphasis supplied.)
Subparagraph B.(1) of the bylaws of appellee association provides for appellee's board of directors to make and collect assessments to defray the costs of common expenses against "members" of the association. Finally, paragraph G of appellee's bylaws provides under the heading "Members and Voting" that: "A member of the Association shall be the owner, in fee simple, of a condominium parcel." (Emphasis supplied.)
Because appellant was a fee simple owner, he was a "member" who could be assessed condominium association common expenses. We accordingly affirm.
HALL, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.